STATE, Respondent, v. CANTRELL, Appellant.

*No. State 109. Argued June 4, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 832.)

For the appellant there was a brief and oral argument by *Gordon A. Borman* of Milwaukee.

For the respondent the cause was argued by *Theodore J. Hodan,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J. This appeal involves the commercial gambling statute. That statute, in pertinent part, provides:

"Whoever intentionally . . .

" (2) Receives, records, or forwards bets or offers to bet or, with intent to receive, record, or forward bets or offers to bet, possesses facilities to do so; . . ." [1]

To the quick and casual reader this commercial gambling statute subsection might appear to include two entirely separate and distinct prohibitions: (1) Making or receiving a bet; and (2) possessing facilities for receiving bets with intent to so use them. In fact, such disjunctive premise undergirded a recent challenge to the subsection as being unconstitutionally vague in not specifying how many bets in what period of time it required before betting, a misdemeanor,[2] became commercial gambling, a felony. This court in that case [3] rejected such interpretation, holding that:

"Sec. 945.03 (2), Stats., specifies two elements that are necessary to constitute this particular offense: (1) Intent; and (2) receiving, recording, or forwarding bets or offers to bet, or possessing the facilities to do so with the intent to so use them. There is no requirement that one charged with a violation of this section must actually have made a bet, i.e., have made a bargain of the kind defined in sec. 945.01 (1). The making of a bet, or in fact the making of many bets, whether proximate or remote in time, is not prohibited by the language of sec. 945.03 (2). Rather, the section specifies other conduct, therein enumerated, as being prohibited." [4]

Of sec. 945.03, Stats., in *Vlahos,* this court pointed out that it is ". . . specifically directed to a general class of offenses, gambling which is organized and carried on as a systematic business so as to constitute commercial gambling. . . ." [5] Rejecting any equating

---

[1] Sec. 945.03 (2), Stats. 1967.

[2] Sec. 945.02, Stats.

[3] *State v. Vlahos* (1971), 50 Wis. 2d 609, 184 N. W. 2d 817.

[4] *Id.* at page 616.

[5] *Id.* at page 618.

of making a bet and the "receiving" of bets, this court commented, ". . . The distinction is certainly well enough known to those persons whose conduct would fall within the purview of these sections. They are commonly known as bookmakers or their agents." [6]

In *Vlahos*, this court concluded that when ". . . sec. 945.03 (2), Stats., is measured by common understanding and practice it does give adequate warning of what conduct it proscribes, and that the intent of the section establishes reasonably distinct boundaries for its application . . . ." [7] The same understanding, practice and intent compel the conclusion that the trial court was right in holding that the information did charge the defendant with the crime of which he was convicted. The original information alleged that the defendant violated the commercial gambling statute, sec. 945.03 (2), on a certain day and at a certain place, in that he did ". . . feloniously intentionally receive bets or offers to bet with facilities to do so. . . ." In the light of the unitary interpretation given the subsection involved in *Vlahos*, it is clear to us, as it was to the defendant, that he was being charged with engaging in commercial gambling by "receiving, recording, or forwarding bets" and by "possessing the facilities to do so with the intent to so use them." The original information includes the elements required for conviction under the subsection for receiving or possession of facilities with intent to receive bets or offers of bets. We deal with a single crime, engaging in receiving bets, either by receiving, recording or forwarding or by the possession of facilities to do so. The defendant was charged with one crime and all elements of both alternative evidentiary routes to establishing it were spelled out.

Of the information here, as was said in *Vlahos* of the subsection, we conclude that ". . . measured by common

---

[6] *Id.* at page 617.
[7] *Id.* at page 618.

understanding and practice it does give adequate warning . . ." of the violation of sec. 945.03 (2), Stats. It alleges both the receiving of bets and the possession of facilities to receive such bets with intent to so use them. The motion of the state, granted by the trial court, becomes not a motion to substitute some other charge or lesser included offense, but a motion to strike the allegation that the defendant had, in addition to possessing facilities to receive bets, actually received such bets or offers to bet. The issue then becomes, not whether granting the motion was proper, but whether it was necessary to bring it. The proof establishing, as it does, that the defendant, with intent to receive, record or forward bets or offers to bet, possessed facilities to do so was sufficient to warrant conviction for the violation of sec. 945.03 (2).

Anticipating, as a reading of *Vlahos* would require, that sec. 945.03 (2), Stats. 1967, would be here construed to proscribe a single offense, *i.e.*, engaging in commercial gambling either by receiving bets or possessing facilities with intent to do so, or by both, appellant urges that the complaint be held to be defective because disjunctive, meaning that it alleges that the defendant either received bets or possessed facilities with intent to do so, but not both.[8] Here, however, the complaint did not allege that the defendant either received bets *or* had facilities to do so. It alleged that he violated sec. 945.03 (2) by doing both: Receiving bets and offers to bet *and* possessing facilities for intentionally receiving them. This is a conjunctive, not disjunctive, setting forth of the two ways in which the

[8] *See Clifford v. State* (1871), 29 Wis. 327, holding that disjunctive allegations in cases where the statute makes it a crime to do any one of several acts are not allowed. *See also: State v. Kitzerow* (1936), 221 Wis. 436, 439, 267 N. W. 71: ". . . by the use of the disjunctive 'or' the indictment plainly does not state that the defendants committed any offense whatever. . . ."

single crime could be and allegedly was committed. As in a recent case,[9] involving the disorderly conduct statute,[10] where the complaint alleged that the defendant ". . . did unlawfully engage in disorderly conduct under circumstances in which such conduct tended to cause and provoke a disturbance, to-wit: defendant performed on a stage at the Bastile tavern, situated at 2311 South Howell Avenue, in the City of Milwaukee, in said County, wearing only a supporter of his private parts and paint on his body, . . ." the conviction was sustained on the sole ground that the defendant engaged in obscene conduct constituting disorderly conduct provoking a public disturbance. If the complaint here could be found to be disjunctive, objection on such ground would have to be raised at the time of trial, not for the first time on appeal. The Wisconsin statutes specifically provide:

"Defenses and objections based on . . . insufficiency of the information . . . must be raised before trial by motion or be deemed waived. . . ."[11]

*By the Court.*—Judgment affirmed.

---

[9] *State v. Maker* (1970), 48 Wis. 2d 612, 180 N. W. 2d 707.

[10] Sec. 947.01, Stats., providing: "Whoever does any of the following may be fined not more than $100 or imprisoned not more than 30 days.

"(1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance; or

"(2) With intent to annoy another, makes a telephone call, whether or not conversation ensues."

[11] Sec. 955.09 (3), Stats. 1967.