CLIFFORD VS. THE STATE.

CRIMINAL LAW; *Complaint under excise law.*

29 327
75 331
29 327
88 510
29 327
103 556

1. Where a statute makes it a crime to do any one of several things mentioned *disjunctively*, all of which are punished alike, it is a general rule that the whole may be charged *conjunctively* in a single count, as a single offense.
2. Disjunctive allegations in such cases are not allowed; although, when the word " or " is used in the statute in the sense of " to wit," the offense may be charged in the words of the statute.
3. Where the statute makes it an offense to " vend, sell, deal *or* traffic in " certain liquors, the word " or," being used to connect two synonymous expressions, may properly be retained in charging the offense.
4. But where the statute further describes the offense as a vending, etc., of " spirituous, ardent or intoxicating liquors or intoxicating drinks, viz.: rum, gin, brandy, whisky, ale and beer, or wine," the words connected by " or " in the first and third places are not synonymous, but used disjunctively; and a complaint in the very words of the statute does not charge any offense with sufficient certainty to sustain a judgment after a verdict for the state.
5. When the several offenses created by the statute are charged conjunctively, a conviction or acquittal may be pleaded in bar of a subsequent prosecution for all or either of the offenses, whether charged separately or together.    Otherwise of a former acquittal or conviction where the charge was made in the *disjunctive*.

ERROR to the County Court of *Winnebago* County.

The plaintiff in error was convicted of an offense under section 5 of chapter 35, R. S., as amended by chapter 147, Laws of 1862, before a justice of the peace of Winnebago county, and

also by the county court of that county, on appeal; and his motion to quash the complaint, and his subsequent motion in arrest of judgment, having both been overruled, he seeks here to reverse the judgment of the latter court.

The defects in the complaint, on which such motions were based, sufficiently appear in the opinion of the court.

*Felker & Weisbrod*, for plaintiff in error. [No brief on file.]

The *Attorney General*, for the state, argued that the complaint, in specifying a variety of liquors sold, was not objectionable as embracing more than one offense, citing 2 Colby's Crim. Law, 157; *People v. Adams*, 17 Wend., 475; *Hodgman v. People*, 4 Denio, 235; that the same strict rules did not apply to pleadings in cases of misdemeanors as in felonies, citing Am. Crim. Law, 414; that duplicity could only be taken advantage of on motion to quash; and, the effect of that motion in this case having been lost by pleading to the complaint, it was not good in arrest of judgment, citing 1 Bishop Crim. Proc., § 196; Barbour's Crim. Law, 309; Am. Crim. Law, § 395.

DIXON, C. J.    This was a complaint under section five of the excise law, now found as ch. 147, Laws of 1862; (1 Taylor's Statutes, ch. 35, § 5, p. 730), instituted before a justice of the peace of Winnebago county, and taken thence by appeal to the county court of that county, where, after conviction, and a motion in arrest of judgment, which was overruled, the defendant, now plaintiff in error, took his bill of exceptions and sued out this writ.    It is only necessary to consider the first point made in the court below, in support of the motion in arrest, which was, that the complaint charged no offense known to the laws. We are of opinion that this objection was well taken, and should have been sustained.    The complaint is fatally defective in respect to that certainty required in criminal pleading, even in cases of misdemeanor, so that the defendant ought not to have been held to trial (his motion to quash having been improperly overruled), and so also, that no judgment could be pronounced against him after verdict for the state.

It is wholly uncertain what offense is charged, and such a complaint or indictment may be properly said to charge no offense. The complaint is in the *disjunctive*, and charges the supposed offense, omitting the formal parts, in words as follows, to wit: "did vend, sell, deal *or* traffic in, and give away for the purpose of evading the act, spirituous, ardent *or* intoxicating liquors *or* intoxicating drinks, viz.: rum, gin, brandy, whisky, ale and beer *or* wine." The general and almost unvarying rule which forbids this mode of stating the offense is well understood. 1 Chit. Crim. Law, 231; 1 Bishop on Crim. Procedure, §§ 333 to 340, and cases cited. Where a statute makes it a crime to do this, or that, or the other, mentioning several things disjunctively, all of which are punished alike, it is a general rule that the whole may be charged *conjunctively* in a single count, as constituting but a single offense; in which case there can be but one conviction and one punishment, as for one offense. This has been so held by this court under the excise law here in question. *State v. Bielby*, 21 Wis., 204.

But *disjunctive* allegations in such cases are not allowed; the only exception being where the word "or" is used in the sense of "to wit," that is, in explanation of what precedes, and making it signify the same thing. In the latter instance a complaint or indictment which adopts the words of the statute, is well framed. *Brown v. Commonwealth*, 8 Mass., 59; *The State v. Gilbert*, 13 Vt., 647; *Commonwealth v. Grey*, 2 Gray., 502. Within this exception would fall the word "or" in the statute, and in this complaint, as used between the words "deal" and "traffic in," these last words being synonymous, or meaning the same thing. But it is not so with the "or" occurring in the expression "spirituous *or* intoxicating liquors," and again "ale and beer *or* wine." Spirituous liquor and intoxicating liquor are not the same, and the word "intoxicating" is not used in the statute in mere explanation of the word "spirituous," but is intended to signify something different.

The two words are not synonymous. Upon this question the case of *Commonwealth v. Grey, supra,* is directly in point. In that case it was held that a complaint or indictment, which in the words of the statute alleged an unlawful sale of " spirituous or intoxicating liquor," was bad for uncertainty, even after a plea of *nolo contendere.* The court say : " All spirituous liquor is intoxicating; yet all intoxicating liquor is not spirituous. In common parlance, spirituous liquor means distilled liquor ; and such we believe is its meaning in the statute. Fermented liquor, though intoxicating, is not spirituous."

And the reason of the rule which condemns this uncertainty of pleading is obvious. The accused is entitled to know certainly with what offense he is charged, and especially is he entitled to have the offense so charged that upon acquittal or conviction he may plead the same in bar of a subsequent prosecution for the same offense, and establish his plea by production of the former record. Upon such rambling, disjunctive and ambiguous statement, charging that the defendant committed one offense or another, but none with certainty, the record would establish nothing whatever in his favor. If separately so charged, at the choice of the prosecution, the statute under consideration creates several distinct offenses as the vending, dealing in, or giving away with unlawful intent, of any spirituous or ardent liquors or drinks, or the vending, dealing in, or giving away with like intent, of any intoxicating liquors or drinks; and should the defendant in a case like the present, be subsequently complained against for the commission of any one of these six several offenses, stated by itself, or of all of them, each being separately stated in different counts or complaints, or the whole alleged conjunctively, and any one or all of them should be the identical offense or offenses of which he was formerly convicted, it would, nevertheless, be impossible for him to protect himself by pleading and producing the first record. It is not so, however, where the several acts specified in the statute are charged conjunctively, or the word " and " instead of

" or " is used ; for, in that case, all are regarded as constituting but one offense, and the conviction or acquittal is a complete bar to any subsequent prosecution for all or either, whether separately or otherwise pleaded and alleged.

*By the Court.*—The judgment is reversed, and the cause remanded with directions that the motion in arrest be granted.