BONNEVILLE and others vs. THE STATE.

*November 22, 1881 — January 10, 1882.*

CRIMINAL LAW AND PRACTICE: UNLAWFUL ASSEMBLY: RESISTANCE TO OFFICER. *(1) Form of criminal warrant. (2) Form of information for resistance to officer. (3) General rule as to charging criminal act. (4) Disjunctive form in warrant and complaint. (5) Resisting sheriff:* posse comitatus. *(6) New trial: petit juror not a citizen. (7) Form of judgment imposing fine.*

1. The statute (sec. 4511, R. S.) declares that "any three or more persons who shall assemble in a violent or tumultuous manner to do an unlawful act, or, being together, shall make any attempt or motion towards doing a lawful or unlawful act in a violent, unlawful or tumultuous manner, to the terror or disturbance of others, shall be deemed an unlawful assembly," etc. A warrant for the arrest of B. and others described the complaint against them as charging them with having "assembled in a violent or tumultuous manner to do an unlawful act on Sunday on the premises of X. and Y., without authority from the owners thereof, to the terror and disturbance of others." *Held,* that even if this does not specify the particular unlawful act intended, the warrant was not void for that reason.

2. An information which charges B. and others with having resisted a constable while engaged in the lawful execution of a criminal warrant, and then sets out the warrant as above described, is sufficient, although the particular acts of resistance are not stated.

3. In general, where the fact alleged as a criminal offense is not in itself unlawful, but becomes so by reason of other facts, the latter must also be pleaded; but where enough is stated to constitute the crime, that is sufficient.

4. The use of the disjunctive form "violent *or* tumultuous" (as in the statute) is not fatal to the complaint or warrant; the two words being used as substantially synonymous and explaining or illustrating each other.

5. When the *posse comitatus* has been duly called out by the sheriff, resistance to any member thereof acting under his authority is resistance to the sheriff.

6. A refusal to grant a new trial on the ground that one of the jurors was not a citizen of the United States, and understood the English language imperfectly, is no ground of reversal. And such objection to a juror is *waived* when not taken until after the verdict.

7. Where a judgment imposes a fine, it is proper in all cases to limit therein the period of imprisonment for non-payment of the fine. R. S., sec. 4633.

ERROR to the Circuit Court for *Taylor* County.

The plaintiffs in error were convicted upon an information charging them with having wilfully and maliciously resisted a constable while engaged in' the lawful execution of a legal criminal warrant. A new trial having been refused, and a motion in arrest of judgment denied, judgment was rendered against the defendants " that they pay a fine of $45 each, or, in default of such payment, be confined for three months in the common jail of Taylor county."

The errors alleged will sufficiently appear from the opinion.

For the plaintiffs in error there were briefs by *Jones & Sanborn*, their attorneys, and *E. L. Browne*, of counsel, and oral argument by *Mr. Browne*. They contended, *inter alia:* 1. That under sec. 4489, R. S., the offense consists in knowingly resisting an officer in the lawful execution of civil or criminal process. The process must be lawful process. ·A criminal warrant, to be lawful process, must show an offense committed, and the offense thus designated must be definite and certain. *People v. Taylor*, 3 Denio, 91; Barb. Crim. Law, 331. The warrant set out in the information contained the substance of the complaint, as required by sec. 4740, R. S., but gave the defendants no notice of any kind as to what acts they had committed making them liable to arrest. " An indictment for riot must show for what act the rioters assembled, that the court may judge whether it was lawful or not." 2 Archbold's Crim. Pl., 590 and note; *Reg. v. Gulston*, 2 Ld. Raym., 1210; *Reg. v. Soley*, 2 Salk., 594. All systems of criminal as well as civil pleading require that such facts be averred as will, if admitted, lead to a necessary legal conclusion of liability or guilt. And if the facts so alleged would not of themselves require this inference, no allegation of guilt could help them out. The result must follow from the facts, and not from the pleader's conclusions. *Enders v. The People*, 20 Mich., 233; *People ex rel. Lawrence v. Brady*, 56 N. Y., 182. The complaint, moreover, is in the disjunctive.

The word "tumultuous" is not a synonym of the word "violent," and the words terror and disturbance are in no sense synonymous.   Disjunctive allegations in such cases are not allowed, the only exception being where the word *or* is used in the sense of *to wit*.   *Clifford v. The State*, 29 Wis., 327. The warrant, therefore, failed to state an offense, and was void; and the officer was not engaged in the lawful execution of civil or criminal process.   R. S., sec. 4489; 1 Bishop Crim. Law, sec. 527.   2. That it was error to admit testimony showing resistance to the *posse*.   The authority and capacity in which the persons constituting the *posse* were acting at the time, and the resistance to them, should have been set forth. *Rountree v. United States*, 1 Pin., 59.   There was no evience to show that any of the defendants knew that such persons were assisting the officer.   Those persons were not officers within the meaning of sec. 4489, R. S., and if any of the defendants did resist them, they did not commit the offense defined in that statute.   "The principle that a penal statute ought to be construed strictly is not only a sound one, but the only one consistent with our free institutions." *Henderson v. Sherborne*, 2 M. & W., 236; *State v. Welch*, 37 Wis., 196.   The gist of the offense is personal resistance to the officer.   And when the statute specifies the character of the persons whom it protects, the court cannot extend it to cover other persons not within its provisions.   3. The judgment is in the alternative, is wholly unwarranted, and is void for uncertainty.   *State v. Haas*, 52 Wis., 407.

The cause was submitted by the *Attorney General* for the state.   [No brief on file.]

ORTON, J.   The information charges the defendants with having resisted a constable while engaged in the lawful execution of a criminal warrant issued by a justice of the peace under section 4489, R. S.   The warrant, which is set out in the information, appears to have been for the arrest of the de-

fendants and one or two others, and contained the substance of the complaint as charging them with having "assembled in a violent or tumultuous manner to do an unlawful act on Sunday on the premises of C. C. Palmer and S. D. Cone, without authority of the owners thereof, to the terror and disturbance of others," etc.

It is objected, on motion to quash the information and against its admission in evidence, that this warrant is void because issued upon a complaint which did not charge an offense, and as not containing in itself a substantial statement of any offense, the defect being that the unlawful act which the defendants assembled to do is not stated. It will be observed that the warrant contains more than the words of the statute defining the offense, in that it states that the defendants assembled to do an unlawful act on the premises of certain persons, without authority from them; very clearly implying a trespass upon such premises as the unlawful act. But treating the warrant and complaint as not stating the unlawful act, as claimed by the learned counsel of the plaintiffs in error, the warrant is not void by reason of such defect.

Our statute (section 4511, R. S., copied from the state of Maine) attempts to maintain the distinctions between an unlawful assembly, rout and riot as at common law; but rout proper, which is an attempt or motion of the unlawful assembly towards doing a lawful or unlawful act in a violent, unlawful or tumultuous manner, to the terror or disturbance of others, is made an unlawful assembly, and rout is nominally abolished, and riot is the commission of any such act in the same manner and to the same effect. But, as in many other cases of statutory changes of common-law offenses, the reasons and consistency of these common-law distinctions are lost. At common law an assembly became unlawful alone by the manner of it, as by such circumstances of terror as tended to endanger the public peace and excite fear, alarm and consternation among the people; and there need be no common

purpose of such assembly, except such as might be implied by an assembling in such manner, and which might be either lawful or unlawful; and rout was an attempt to carry out such implied common purpose by the assembly, whether lawful or unlawful; and riot is the execution of such common purpose; but both the attempt, as in rout, and the execution, as in riot, must be in the violent or tumultuous manner of the unlawful assembling, and to the terror of the people. 2 Arch. Crim. Plead., 590, 591; 2 Whart. Crim. Law, 1535; 1 Russ. Crimes, 387. In our statute, the first unlawful assembling must be to do an unlawful act, and the second is an attempt to do in the same manner a lawful or unlawful act, and riot is the doing of a lawful or unlawful act in the same manner and to the same effect. It would seem that the first is the higher offense, as involving a common unlawful intent not present in the two latter. But, without deciding what are the essential ingredients of these separate and distinct offenses as made by the statute, attention is here called to the difference between an unlawful assembly at common law and by statute for the purpose of applying the authorities cited by the learned counsel of the plaintiffs in error to the effect that the indictment or information must show that the assembly was unlawful. This, by the authorities cited, was shown by the proper averment that the assembling was in a violent or tumultuous manner, or under such circumstances that it would be unlawful. 2 Arch. Crim. Plead., 590 and note; *Reg. v. Gulston*, 2 Ld. Raym., 1210; *Reg. v. Soley*, 2 Salk., 594.

No authorities are cited upon the question here raised, and perhaps none can be found directly in point, where the statute requires the assembling, to be unlawful, not only to be in a violent or tumultuous manner, but also "to do an unlawful act." Whether such act must be stated in a complaint, indictment or information, in order to charge the offense, must be determined somewhat as an original question and by analogous principles. Treating this as a statutory offense, it is a

general principle that it may be charged in the language of the statute. Whart. Crim. Pl. & Pr., § 220. Such an information, after verdict, is sufficient in respect to all statutory offenses, or where the punishment is prescribed by the statute. Section 4669, R. S.; *State v. Welch*, 37 Wis., 196; *Kilkelly v. State*, 43 Wis., 604; *Rice v. People*, 15 Mich., 9. There is a close analogy between an unlawful assembly to do an unlawful act and a conspiracy to do an unlawful act; and in the latter case the statement of the general purpose is sufficient, without the means of accomplishing it. *State v. Crowley*, 41 Wis., 271.

It cannot be objected that this complaint did not charge all of the essentials of an unlawful assembly under the statute, but only that it did not apprise the defendants of the unlawful act which they assembled to perform, so that they could know what was intended to be proved and meet the charge by defensive evidence. The complaint did charge that they assembled to do an unlawful act, but it failed to specify that act. It did not fail to state the fact, but it stated it generally, and not sufficiently or definitely, it is claimed. Such a defect would certainly not render the warrant issued upon it void, by any principle. To constitute the next kind of unlawful assembly in the same section requires an attempt or motion towards doing a lawful or unlawful act. It might as well be claimed that a complaint under this clause should state what lawful or unlawful act was so attempted to be done, in order to charge an offense.

In *State v. Copp*, 15 N. H., 212, it was contended that the indictment should have specified the several acts of resistance of the officer, but it was held unnecessary. So, in this case, the information charges the resistance of the constable while he was engaged in the lawful execution of a criminal warrant, in the language of the statute. The particular acts of resistance are not stated. The defect is of the same character as that complained of in respect to the complaint of an unlawful

assembly, in which what they intended to do that was unlawful was not stated.

In respect to that class of offenses — of assault with intent to commit certain crimes,— it has been held by this court, in the case of an assault with a dangerous weapon with intent to commit the crime of murder, that it is sufficient to charge the intended murder in the language·of the statute, and generally without specification of the essential facts which constitute the. crime. *Kilkelly v. State, supra.* In burglary with intent to commit the crime of larceny,. the larceny need not be technically set out. *Josslyn v. Comm.,* 6 Met., 239, and *Tully v. Comm.,* 4 Met., 357. And in breaking and entering in the night-time with intent to commit the crime of rape, the particulars of the rape need not be stated in the indictment. *Comm. v. Doherty,* 10 Cush., 52. In the case of burning property insured with intent to prejudice the insurer, it is unnecessary to allege the manner in which the prisoner attempted to do the act with such intent,·but it is sufficient to allege generally that· he set fire to the property with such intent. *Mackesey v. People,* 6 Park. Cr. R., 114. In assault with intent to commit murder, the means of effecting the criminal intent, or the·circumstances evincive of the design with which the act was done, are not necessary to be stated in the indictment. *State v. Dent,* 3 Gill & J., 8. In conspiracy to defraud the United States, the facts showing such intent need not be stated in the indictment. *U. S. v. Ulrici,* 3 Dill. C. C., 532. And to the same effect it is decided in *U. S. v. Simmons,* 96 U. S., 360. The general principle seems to be, that where the offense as stated is not in itself unlawful, but becomes such by other facts, such facts must be stated; but when enough is stated to constitute the crime, nothing further is necessary. Whart. Crim. Pl. & Pr., §§ 152, 161.

Considerable space has been given to this point, for it appeared to be not only important but questionable, under the rule that requires every fact essential to constitute the offense

Bonneville and others vs. The State.

to be stated in the information; and of course this complaint should have had all of the substantial requisites of an information. If it be the law that the act to be done by the unlawful assembly must be stated, then the prosecution would be confined to such statement. It would certainly be very difficult, if not impossible, to state what particular unlawful act the defendants assembled to commit; and we think it should be allowed to show any unlawful act whatever, under the information, without restriction. Under the statute, as at common law, the gravamen of the offense is the unlawful assembly; but under the statute another element has been added, and it must appear that the assembly, which at common law becomes unlawful by the manner of it, and as tending to the breach of the public peace, was also to do something unlawful or some unlawful act. The statement of that common purpose, with the other essentials of an unlawful assembly, must be held to be sufficient.

It is objected, also, that the complaint and warrant stated the qualifying words " violent or tumultuous " in the disjunctive, in the form of the statute. It is a general rule that alternatives are permitted when they qualify an essential description of a particular offense and do not affect the offense itself, and also that the disjunctive form is only fatal when it renders the statement of the offense uncertain; and it is not so when one term is used only as explaining or illustrating the other. By these rules the use of the disjunctive between these qualifying words is not objectionable. Whart. Cr. Pl. & Pr., § 161, note 10. But by another rule this form was proper in this case. Although perhaps strictly these two words are not synonymous, they are substantially so as here used. *Clifford v. State*, 29 Wis., 327.

The objection that one of the jury before whom the case was tried was not a citizen of the United States, and that he understood the English language imperfectly, was raised only on a motion for a new trial. It is not contended that such

fact would affect the verdict, and it is only stated as a reason for a new trial. The granting of a new trial for any reason is discretionary, and this court would not revise that discretion except in case of gross abuse, and where the reason assigned must have affected the justice of the verdict. This is elementary, but nevertheless it has been so decided by this court in a great number of cases. But such objection was waived by not having been raised at the proper time. *State v. Vogel*, 22 Wis., 471; *Scott v. Waldeck*, 11 Neb., 525.

The objection to the evidence showing resistance to persons composing the *posse comitatus*, and the instruction asked that such evidence be disregarded, appear to us to be technical. The calling upon the power of the county to assist in the execution of a criminal warrant presupposes resistance, and that such assistance is necessary to overcome it. When persons are called upon to render such assistance, they do not thereby become officers, and · they are not thereby clothed with any official authority. They act solely under the authority of the officer having the warrant, and by his direction and command, and on his responsibility. Jac. Law. Dic., tit. "Posse Comitatus." They all act together under one writ, and resistance to one is resistance to all, and especially to the officer in command. They are inseparable, and together constitute one official power under the writ. It seems idle to say that personal resistance to one of such persons, or to all of them, is not resistance to the officer as well.

In respect to the evidence, without entering upon a discussion of it, it is sufficient to say that it appears to have established beyond a reasonable doubt the personal physical resistance of the officer by the defendants to the full measure of that which is deemed necessary by the able opinion of the late eminent chief justice in *State v. Welch*, 37 Wis., 196. And so it may be said of the charge of the court, which is especially full, clear and comprehensive, and most guardedly within the opinion in the above case.

Veerhusen vs. The Chicago & Northwestern R'y Co.

The form of the judgment is according to the direction of section 4633, R. S., which was made expressly to limit the imprisonment in all cases of the non-payment of the fine.

⋅ *By the Court.*— The judgment of the circuit court is affirmed.