STATE, Plaintiff in error, vs. KITZEROW and others, Defendants in error.

*April 3—April 28, 1936.*

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *William A. Zabel,* district attorney of Milwaukee county, *Herman A. Mosher,* deputy district attorney, and *Francis A. Darnieder,* special assistant district attorney, and oral argument by *Mr. Darnieder* and *Mr. Mosher.*

For the defendants in error Ben Spangenberg, Otto Schaus, A. W. H. Giesecke, and William Pergande there was a brief by *David J. Berk* and *Churchill, Bennett, Churchill & Davis,* all of Milwaukee, and oral argument by *W. H. Churchill.*

FOWLER, J. The case came up in circuit court on the motion of the defendants to quash an indictment returned by a grand jury on the ground that it did not charge the commission of any offense. The circuit court granted the motion. The state procured a writ of error to review the ruling.

The indictment charges as to each defendant that he, on a day specified at Milwaukee county, being a specified officer of a named bank, "did unlawfully and feloniously," as such officer, "accept or receive *for deposit or* for safekeeping *or* to loan *to* certain persons certain moneys, *or* bills, notes, *or* other paper circulated as money, notes, or drafts, bills of exchange, bank issues, and other commercial paper for safekeeping *or* for collection, . . . well knowing *and* having good reason to know" that the bank "was . . . unsafe or insolvent."

The indictment was intended to charge an offense under sec. 348.19, Stats., which reads as follows:

"Any officer, director, stockholder, cashier, teller, manager, messenger, clerk or agent of any bank, banking, ex-

change, brokerage or deposit company, corporation or institution, or of any person, company or corporation engaged in whole or in part in banking, brokerage, exchange or deposit business in any way, or any person engaged in such business in whole or in part who shall accept or receive, on deposit, or for safekeeping, or to loan, from any person any money, or any bills, notes or other paper circulating as money, or any notes, drafts, bills of exchange, bank checks or other commercial paper for safekeeping or for collection, when he knows or has good reason to know that such bank, company or corporation or that such person is unsafe or insolvent shall be punished by imprisonment in the state prison not more than ten years nor less than one year or by fine not exceeding ten thousand dollars."

The state contends that, as sec. 355.33, Stats., provides that an indictment is sufficient "if it describe the offense in the words of the statute or in words of substantially the same meaning," and as the offense intended to be charged is so charged in the instant indictment the indictment is sufficient.

The only particular in which it can be contended that the language of the indictment varies materially from the language of the statute is in the use of the phrase "for deposit" instead of the phrase "on deposit." This contention may be disregarded for the reason that the statute covers five distinct classes of offenses which may be generally described as receiving, under the conditions stated, money on deposit; money for safekeeping; money to loan; notes, etc., for collection; and notes, etc., for safekeeping. If there be a difference between receiving money "on deposit" and receiving it "for deposit," the language of the indictment follows the language of the statute creating the other offenses.

If the language used to charge the several offenses created by the statute were connected with the conjunctive "and" instead of the disjunctive "or" the indictment might, per-

haps, be held sufficient, regardless of absence of the name of the person from whom the notes were received. But by the use of the disjunctive "or" the indictment plainly does not state that the defendants committed any offense whatever. Some cases from other jurisdictions are cited as holding allegations in the disjunctive to be sufficient. These we have not examined, as we should not follow them if they do so hold. This court covered the point in *Clifford v. State,* 29 Wis. 327, and enough is there said upon the subject. It is urged, in effect, that the defendants were not prejudiced by the form of the indictment, because it informed them that they are being prosecuted for violation of the statute cited. If so, why have any indictment at all? Why not tell the defendants orally that they are being so prosecuted, hale them into court, and let it go at that? They would be precisely as fully informed, would be precisely as well able to meet any specific facts that might be presented on the trial, would be precisely as well able to plead former jeopardy, in the latter case as in the case at bar.

*By the Court.*—The order of the circuit court is affirmed.