THOMAS B. RUSBOLDT, District Attorney Manitowoc County
You state that a person in a motor vehicle attempted to elude an unmarked police car equipped with a red light on the dashboard or within the grillwork and a siren under the hood. The police car was driven by a traffic officer who turned on both the red light and the siren. You ask whether this violates sec. 346.04
(3), Stats., which reads:
 "No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by wilful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall he increase the speed of his vehicle or extinguish the lights of his vehicle in an attempt to elude or flee."
The intention of the legislature to exclude signals received from vehicles which are not marked as police vehicles is apparent. Many automobiles, some privately owned, which are not police vehicles, qualify as authorized emergency vehicles under the definition in sec. 340.01 (3), Stats., and operators of other vehicles can hardly be expected to know whether the operators of such authorized emergency vehicles are traffic officers or not. The statute here involved requires that the offense be knowingly committed. It is, therefore, my opinion that sec. 346.04 (3), Stats., was not violated under the circumstances you have presented unless the eluder knew that the signal from the unmarked vehicle was given by a traffic officer. This, of course, is a matter of proof. *Page 28 
However, sec. 346.19, Stats., requires that upon the approach of an authorized emergency vehicle giving audible signal by siren, the operator of a motor vehicle shall yield the right of way, drive to the right and stop. I conclude that this is the proper statute to invoke in the case of a driver who flees from an unmarked police vehicle.
BCL:AOH