DAVID C. RESHESKE, District Attorney Washington County
You request my opinion as to whether a police vehicle displaying flashing red and blue lights is a marked vehicle for purposes of section 346.04 (3), Stats. The answer to your question is no.
You state that you are aware of 65 Op. Att'y Gen. 27 (1976), wherein my predecessor concluded that a person who flees or attempts to elude an unmarked police car, with flashing red lights and/or siren operating, does not violate section 346.04
(3) unless the person knows that the signal from the unmarked vehicle was given by a traffic officer. The rationale for this conclusion was based upon the fact that at that time many other emergency vehicles were also authorized to utilize flashing red lights, and accordingly, operators of other vehicles could hardly be expected to know whether the operators of such authorized emergency vehicles were traffic officers or not.
You further state that subsequent to the issuance of said opinion, section 346.03 (3) was amended to provide that a police vehicle may be operated by means of a blue light and a red light. You are correct that subsection (3) thereof was amended by section 1 of 1983 Wisconsin Act 56 and section 1 of 1985 Wisconsin Act 143 to so provide. Section 346.03 (3) reads as follows:
 The exemption granted the operator of an authorized emergency vehicle by sub. (2)(a) applies only when the operator of the vehicle is giving visual signal by means of at least one flashing, oscillating or rotating red light except that the visual signal given by a police vehicle may be by means of a blue light and a red light which are flashing, oscillating or rotating. The exemptions granted by sub. (2)(b), (c) and (d) apply only when the operator of the emergency vehicle is giving both such visual signal and also an audible signal by means of a siren or exhaust whistle, except as otherwise provided in sub. (4).
I also note that section 347.25, which sets forth the lighting equipment which may be utilized by authorized emergency vehicles including *Page 215 
police vehicles and others, was amended by sections 4 and 5 of 1983 Wisconsin Act 56 and section 2 of 1985 Wisconsin Act 143. Said amendments manifest an apparent legislative intent to enable drivers of other vehicles to differentiate between authorized emergency vehicles, including police vehicles and others, based upon lighting equipment.
However, section 346.04 (3), about which you inquire, has not been amended and still reads as follows:
 No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by wilful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall he increase the speed of his vehicle or extinguish the lights of his vehicle in an attempt to elude or flee.
In State v. Van Meter, 72 Wis. 754, 759, 242 N.W.2d 206 (1976), the court stated:
 The violated statute requires that it must be shown that the defendant was the operator of the vehicle, that he received a visual or audible signal from a traffic officer, or marked police vehicle, and that he knowingly fled or attempted to elude the traffic officer by willful or wanton disregard of the signal, so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicle or pedestrians.
The lights on a marked police vehicle are located on the roof of the vehicle while they are located above the front bumper and near the grill of an unmarked police vehicle, as well as inside of the rear windows of the vehicle. I assume that it is easier for a driver to see the lights of marked police vehicles than those of an unmarked police vehicle. However, a conviction under section 346.04 (3) does not necessarily require that the police vehicle be marked.[1]
In my opinion, section 346.04 (3) requires that it must be shown that the operator of a motor vehicle received a visual or an audible signal from a traffic officer (whether in a marked or unmarked *Page 216 
vehicle), or marked police vehicle, and knowingly fled or attempted to elude said officer in order to violate this section of the statutes. I therefore conclude, as did my predecessor, that section 346.19 is the proper statute to invoke under circumstances which do not meet the proof requirements of section346.04 (3).
Given the recent law change to provide that only police vehicles may use blue and red flashing lights, law enforcement authorities may wish to seek legislation adding to 346.04 (3) a provision including unmarked police vehicles displaying blue and red lights authorized by section 346.03 (3).
DJH:GBS
[1] I note that section 347.25 (1m)(g) specifically provides that red and blue lights may be used on an unmarked police vehicle. Consequently. the fact that a police vehicle displays both red and blue lights would not make it a marked police vehicle. *Page 217