STATE of Wisconsin, Plaintiff-Respondent,

v.

James R. OPPERMANN, Defendant-Appellant.

Court of Appeals

*No. 89-1577-CR. Submitted on briefs December 7, 1989.—Decided April 4, 1990.*

(Also reported in 456 N.W.2d 625.)

On behalf of the defendant-appellant, the cause was submitted on briefs of *Eugene A. Bartman* of *Curtis-Wilde Law Offices* of Oshkosh.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joanne B. Evans,* assistant district attorney for Winnebago county.

Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J.   James Oppermann was convicted, following a trial to the court, of knowingly fleeing a marked police vehicle after having received a visual and audible signal to stop, contrary to sec. 346.04(3), Stats. The ultimate issue is whether there is sufficient evidence that the police vehicle was marked. The trial court held that so long as a car is equipped with lights and a siren, whether visible to the public or not, it is a police vehicle and therefore is marked in some fashion as a police vehicle. In so ruling, the trial court expressly rejected two attorney general opinions to the contrary. We reject the trial court's reasoning and reverse.

This court has read the entire transcript, which reveals the following. Oppermann was a suspect in a battery. An investigating officer observed a motorcyclist, identified as Oppermann, drive past the scene of the

incident. The officer left the scene to stop him.[1] The officer pulled up behind Oppermann and engaged his red lights. Oppermann turned around to look and then suddenly accelerated. The officer then "hit" his siren and started chasing Oppermann.

The sole issue is, given only the facts that an officer was driving a vehicle equipped with red lights and a siren, whether the vehicle is a "marked police vehicle." This is a question of statutory interpretation that we address *de novo. State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984). If, to support a conviction, more information is needed about the car, such as whether it bore decals or department logos or some other identifying characteristics, then that evidence was not in the record and the case must be reversed. Conversely, if all that is needed is evidence that the car was equipped with red lights and a siren, then the evidence is sufficient.

Section 346.04(3), Stats., states:

> No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall he increase

---

[1]Contrary to the state's assertion, there is no evidence that the officer ever testified that he was driving a "squad car." The officer stated only that he left the scene to pursue the cycle. The record indicates also, that at the close of the state's testimony, after the defendant moved to dismiss, the assistant district attorney told the trial court that the officer testified he was in a "marked squad car." In fact, the officer was never asked about it nor did he say anything like that.

the speed of his vehicle or extinguish the lights of his vehicle in an attempt to elude or flee.

The trial court reasoned that a private vehicle used by an officer on duty, or a repossessed vehicle used in undercover work, will not suffice as a marked vehicle. However, a vehicle equipped with lights and a siren is a police vehicle. The conclusion reached by the trial court appears to be that if the vehicle is a fleet vehicle of the department and has a siren and lights, it is a marked vehicle.

Two attorney general opinions dispute that reasoning. In one opinion, the attorney general concluded that a person does not violate the statute when he or she attempts to elude an unmarked police car equipped with a red light and a siren unless the signal from the unmarked vehicle was given by a traffic officer. 65 *Op. Att'y Gen.* 27, 27 (1976). A second opinion agrees that flashing red and blue lights will not alone signify a vehicle as "marked." 76 *Op. Att'y Gen.* 214, 214 (1987).

This court agrees with the attorney general. The keystone of the fleeing charge is "knowingly" fleeing an officer. Even if a citizen does not observe that it is an "officer" pursuing the person, that citizen will still be held to knowledge if the vehicle has decals or other markers identifying the auto as a law enforcement vehicle.

However, the legislature did not state that just because a vehicle has flashing red lights and a siren it is automatically considered a police vehicle. Indeed, as the 1987 attorney general's opinion points out, the legislature has expressly provided, in sec. 347.25(lm) (b), Stats., that red and blue lights may be used on an *unmarked police vehicle.* Consequently, the fact that a police vehicle displays both red and blue lights would not

make it a marked police vehicle. 76 *Op. Att'y Gen.* at 215 n.1.

Other jurisdictions appear to concur. The Washington Court of Appeals, in a fleeing and eluding case, has described an "unmarked" police vehicle as one with lights and siren but without department logo or stripes. *State v. Trowbridge,* 742 P.2d 1254, 1255 (Wash. Ct. App. 1987).

■

In *Trowbridge,* the court concluded that "[t]he fact that Trowbridge was pursued by the unmarked vehicle is without legal significance. The eluding statute simply requires *knowledge* that the pursuing vehicle is a police vehicle." *Id.* at 1256 (emphasis in original). The Wisconsin statute, however, contains an additional element. Section 346.04(3), Stats., "requires that it must be shown that the defendant was the operator of the vehicle, that he received a visual or audible signal from a traffic officer, *or* marked police vehicle, *and* that he knowingly fled or attempted to elude the traffic officer by willful or wanton disregard of the signal." *State v. Van Meter,* 72 Wis. 2d 754, 759, 242 N.W.2d 206, 209 (1976) (emphasis added). As the attorney general notes, "[t]he intention of the legislature to exclude signals received from vehicles which are not marked as police vehicles is apparent." 65 *Op. Att'y Gen.* at 27. Thus, under the Wisconsin statute, the state must show that defendant received a signal either from a police officer or from a marked police vehicle, *and* that defendant knowingly attempted to flee the officer.

Section 346.04(3), Stats., contains two distinctive alternative elements of the offense and thus is similar to the statute discussed in *Jackson v. State,* 92 Wis. 2d 1, 284 N.W.2d 685 (Ct. App. 1979). One such element is receipt of a signal from a traffic officer. Alternatively,

the state may charge that defendant received a signal from a marked police vehicle. The state must plead one of these elements. *See id.* at 10, 284 N.W.2d at 689. Without proof of one of these elements, there is no crime under sec. 346.04(3). *See id.* Here the state chose to charge violation of the latter element and chose not to amend the complaint to charge the alternative element. The state then had to prove the element of marked police vehicle.

The state in this case offered no evidence of the element of "marked police vehicle." Therefore, it failed to prove the crime charged. *See id.*[2]

The state argues, however, that failure to prove the element is harmless error because the evidence is sufficient to prove that Oppermann fled after receiving a signal from a traffic officer. Oppermann, however, was not charged with fleeing a traffic officer and the trier of fact was not asked to find that he had committed an offense containing that element.

Without proof of the elements of a crime, there is no crime proved. *Id.* Reversal is required when the evidence considered most favorably to the state and the conviction is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact acting reasonably could be convinced to that degree of certitude which the law defines as beyond a reasonable doubt. *State v. Burkman,* 96 Wis. 2d 630, 643, 292 N.W.2d 641,

---

[2]The state points to the complaint, which alleged that the pursuing officer was in his squad car, as evidence that the car was marked. Whether or not testimony that the officer was in a "squad car" permits an inference that the car was "marked," there is no *evidence* in the trial record that the officer was in a squad car. A complaint is not evidence. Wis JI—Criminal 145.

647 (1980). The test is the same whether the fact finder is the court or a jury. *Gaddis v. State,* 63 Wis. 2d 120, 127, 216 N.W.2d 527, 531 (1974).

The state points to no case suggesting that failure to offer any proof of an element of the charged crime can be "harmless." When the state's burden of proof is not met as a matter of law, defendant is entitled to his freedom, without the possibility of a new trial. *State ex rel. Kanieski v. Gagnon,* 54 Wis. 2d 108, 117, 194 N.W.2d 808, 813 (1972). That the evidence may be sufficient to support a crime not charged is irrelevant. In a criminal prosecution, the burden is on the state to prove every essential element of the crime charged beyond a reasonable doubt. *Wagner v. State,* 76 Wis. 2d 30, 36, 250 N.W.2d 331, 335 (1977); *cf. Jackson,* 92 Wis. 2d at 11-12, 284 N.W.2d at 689-90 (even though jury was not instructed that it must unanimously agree on which of two alternatively charged elements defendant committed, error was harmless where jury clearly convicted defendant of one particular charged element and not the other).

Further, we do not think that the state offered sufficient evidence to prove Oppermann's knowledge that he received a signal from a traffic officer. There was no evidence at trial that the officer was in uniform, or that he displayed a badge, or that he activated the red *and blue* lights distinctive to police cars as opposed to the red or red and white lights used by other emergency vehicles. *See* sec. 347.25(lm)(a), Stats.; *McCombs v. State,* 536 N.E.2d 277, 279 (Ind. 1989) (finding insufficient evidence to establish defendant's knowledge of law enforcement officer's identity where there was no trial testimony concerning the officer's uniform or badge or the appearance of his car).

This case is especially disturbing in light of the fact that the state was on notice that the element of "marked

police vehicle" was in dispute. Before trial, Oppermann moved to dismiss the case on the grounds that the complaint did not allege this element. The state prevailed on the motion, in part because the complaint alleged that the pursuing officer was in a squad car. At trial, however, even that evidence was not forthcoming.

The social cost of placing the burden on the prosecution to prove guilt beyond a reasonable doubt is an increased risk that the guilty will go free. *Patterson v. New York,* 432 U.S. 197, 208 (1977). When the state is unable or unwilling to shoulder its burden, the defendant must be released. Such is the case here.

*By the Court.*—Judgment reversed.