State of Wisconsin, Plaintiff-Respondent,
v.
Malcolm B. Rush, Defendant-Appellant.
No. 03-1981-CR.
Court of Appeals of Wisconsin.
Opinion Filed: July 27, 2004.
Before Wedemeyer, P.J., Schudson and Curley, JJ.
¶1 PER CURIAM.
Malcolm B. Rush appeals from a judgment of conviction for two counts of intimidating a witness, following a jury trial. He argues that the evidence was insufficient to establish that he intended to dissuade or prevent either witness from testifying, and that the judge erred by refusing to disqualify himself. Because sufficient evidence existed to convict Rush, and because the judge did not err in refusing to disqualify himself, we affirm.

I. BACKGROUND
¶2 In February 2002, Rush was convicted of theft from the Jordan House Transitional Living Center of the Jordan Missionary Baptist Church, and was placed on probation and ordered to pay restitution. On April 8, 2002, while on lunch recess from his restitution hearing, Rush entered the elevator with two State witnesses, Denise Shaw and Reverend Donna Simmons, and began threatening them. By chance, Circuit Court Judge Jeffrey Kremers was also on the elevator, heard the threats, and assisted the witnesses in reporting Rush's threats to Milwaukee County Sheriff's Deputy Paul Harbort.
¶3 The State charged Rush with two counts of Intimidation of a Witness, contrary to WIS. STAT. § 940.43(3) (1999-2000).[1] Prior to trial, Rush argued that Circuit Court Judge David Hansher should disqualify himself under WIS. STAT. § 757.19(2)(g), because, he contended, Judge Hansher could not act in an impartial manner with Judge Kremers testifying as a witness for the State. Judge Hansher disagreed, concluding that because credibility was to be evaluated by a jury, he could remain on the case.
¶4 At trial, Shaw and Simmons testified that Rush threatened them by stating, "This ain't over ... you gonna disappear and bullets gonna fly." Judge Kremers testified that Rush told the women, "don't come back," or something to that effect. At the conclusion of the two-day trial, the jury found Rush guilty. Rush was sentenced to four years of initial incarceration and four years of extended supervision.

II. ANALYSIS
¶5 Rush argues that insufficient evidence supported the jury's verdict because, he contends, the State made no showing of his intent to persuade or prevent the witnesses from attending the court proceeding. We disagree.
¶6 In reviewing a challenge to sufficiency of the evidence, this court will not substitute our judgment for that of the trier of fact
unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.
State v. Poellinger, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990) (citation omitted). The standard is the same regardless of whether the evidence was direct or circumstantial, see id. at 507, and regardless of whether the case was tried to a jury or judge, see State v. Oppermann, 156 Wis. 2d 241, 246-47, 456 N.W.2d 625 (Ct. App. 1990).
¶7 Here, sufficient evidence supported the jury's verdict. At trial, Rush maintained that he did not knowingly and maliciously attempt to prevent the witnesses from testifying. On appeal, Rush argues that it was "not reasonable for either Ms. Shaw or Ms. Simmons to take [his] words as an intent to try to prevent them from testifying." Rush argues that it was equally unreasonable for the jury to conclude that he did so with such intent. We disagree.
¶8 The trial evidence established that Rush knowingly and maliciously threatened both witnesses, and that his intent was to prevent them from testifying.[2] Denise Shaw testified that Rush pushed his way onto their elevator, and that he looked very upset, almost demonic. She testified that Rush shoved or pushed her shoulder back and said: "[I]t's not over. You bitches, you gonna disappear and bullets gonna fly."
¶9 Reverend Simmons testified that Judge Charles Kahn[3] had told both her and Ms. Shaw to return to the courtroom after lunch. Reverend Simmons testified that as soon as the elevator doors closed, Rush said, "it's not over with. Um, you bitches. Bullets will fly. You can disappear. That's what guns are made for." She also stated that his threats frightened her.
¶10 The State also called Judge Kremers. Judge Kremers testified that shortly after entering the elevator, he heard a man, later identified as Rush, say something to the effect of: "[`]this ain't over[']" and "then something to the effect[, `]you bitches, did you hear me, this ain't over, You should disappear, that's what bullets are made for, don't come back.['] Or words to that effect." Judge Kremers stated that it was clear that Rush was not joking and that the women were upset by his threats. Judge Kremers explained that as soon as everyone exited the elevator, he assisted the women in finding "a deputy sheriff to file a report."
¶11 Lastly, Scott Mathis, the sheriff's deputy assigned to Judge Kahn's court, testified that after the restitution hearing, Rush said, "I'm really gonna get them," for which he was admonished.
¶12 The trial court instructed the jury:
1. The [S]tate must prove that Denise Shaw and Donna Simmons were witnesses. "Witness" means any person who's been called to testify or who's expected to testify.
2. The defendant attempted to dissuade Denise Shaw and Donna Simmons from attending or giving testimony at a proceeding authorized by law, and I'm instructing you a restitution [hearing] is a proceeding authorized by law.
And three, the defendant acted knowingly and maliciously. This requires the defendant knew Denise Shaw and Donna Simmons were witnesses and that the defendant acted with the purpose to prevent Denise Shaw and Donna Simmons from attending.
[Furthermore,] [a]s to his intent, you cannot look into a person's mind to find intent. Intent must be found, if found at all, from the defendant's acts, words, and statements, if any, and from all the facts and circumstances in this case bearing upon intent.
Based on the evidence, the jury reasonably could conclude that Rush knowingly and maliciously tried to dissuade Shaw and Simmons from attending the afternoon proceeding. The evidence was sufficient.
¶13 Rush next claims that Judge Hansher erred in not disqualifying himself. We disagree.
¶14 WISCONSIN STAT. § 757.19(2)(g)[4] mandates a judge's disqualification only when that judge makes a determination that, in fact or in appearance, he or she cannot act in an impartial manner. State v. American TV & Appliance, 151 Wis. 2d 175, 189, 443 N.W.2d 662 (1989). The statute does not require disqualification where someone other than the judge believes that the judge is unable to act in an impartial manner; and it does not require disqualification, as Rush contends, where the judge's impartiality "can reasonably be questioned" by someone other than the judge. Id. The determination of a basis for disqualification under § 757.19(2)(g) is subjective. Id. Our review is "limited to establishing whether the judge made a determination requiring disqualification." State v. Harrell, 199 Wis. 2d 654, 663-64, 546 N.W.2d 115 (1996) (citation omitted). Thus, we must objectively decide if the judge went through the required exercise of making a subjective determination. If so, we must affirm. See id.
¶15 Here, Judge Hansher carefully considered Rush's motion for his disqualification. In denying the motion, Judge Hansher concluded that because the jury was to decide the credibility of the witnesses, including that of Judge Kremers, he could remain on the case. His judgment was sound.
¶16 Referring to several trial incidents, including defense counsel's being found in contempt for tardiness, Rush maintains that Judge Hansher was biased. We disagree. Rush's allegations of bias are nothing more than examples of the court doing its job. Judge Hansher performed the required analysis under the law and concluded he could be fair. Nothing in the record establishes otherwise; no error occurred.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 1999-2000 version unless otherwise noted. WISCONSIN STAT. § 940.43(3), provides:

Intimidation of witnesses; felony. Whoever violates s. 940.42 ["whoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade any witness from attending or giving testimony at any trial [or] proceeding"] under any of the following circumstances is guilty of a class D felony:
....
(3) Where the act is accompanied by any express or implied threat of force, violence, injury or damage described in sub. (1)[, threats to persons,] or (2)[, threats to property].
[2] Rush concedes that the evidence established that the women were witnesses and that the "comments were made;" hence, the only issue remaining is whether he acted "knowingly and maliciously."
[3] Circuit Court Judge Charles Kahn presided over the restitution hearing.
[4] WISCONSIN STAT. § 757.19(2)(g), provides:

Disqualification of judge. (1) In this section, "judge" includes the supreme court justices, court of appeals judges, circuit court judges and municipal judges.
(2) Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs:
....
(g) When a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner.