BAUER, Plaintiff and Appellant, v. HARDWARE MUTUAL CASUALTY COMPANY and another, Defendants and Appellants: MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant and Respondent.

*February 7—March 7, 1961.*

22

For the appellants there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, for the Hardware Mutual Casualty Company and Barbara Symes, and *Ray T. McCann,*

attorney, for Lennie Bauer, and *Rueben W. Peterson, Jr.,*
*Phillip E. Crump,* and *Leonard L. Loeb* of counsel, all of
Milwaukee, and oral argument by *Mr. Crump.*

For the respondent there was a brief by *Hayes & Hayes* of
Milwaukee, and oral argument by *Hanlin J. Hayes.*

DIETERICH, J. The issue in this case is whether Mutual
Service Casualty Insurance Company's policy affords pro-
tection and insurance coverage to Barbara Symes.

The applicable provisions of the Mutual Service Casualty
Insurance Company's policy are as follows:

"Part I—Liability. Persons insured: The following are
insureds under Part I:

"(a) With respect to the owned automobile,

"(1) the named insured and any resident of the same
household,

"(2) any other person using such automobile provided
the actual use thereof is with the permission of the named
insured;

"Definitions: Under Part I: 'named insured' means the
individual named in the declarations and also includes his
spouse, if a resident of the same household;"

Anthony Rozewski was the owner of the automobile and
his wife qualified as an insured, being his spouse and residing
in the same household. Jean, the daughter, was also a resi-
dent of the household and was covered under the provisions
of Part I (a) (1), as a resident of the household.

Barbara Symes was an occupant and passenger in the
automobile and the automobile was driven by Jean, the
daughter of the insured, with permission of the mother, for
the purpose of picking up certain photographs at a studio
located in Milwaukee. The testimony reveals that Alice
Rozewski, the mother of Jean Rozewski, gave permission
to her daughter to drive to the studio to pick up her class
pictures. The mother knew that Barbara Symes was accom-

panying her daughter as a passenger in the automobile when they left for the studio. Jean Rozewski drove the automobile to a location across the street from the studio which location or place was adjacent to the curb and in a no-parking area. Jean left the automobile with the motor running and Barbara moved behind the wheel. While Jean was in the studio, a police officer came up to the automobile and informed Barbara that she could not park there legally and she informed the officer that she was waiting for her friend. She then blew the horn, Jean waved to her and there is some dispute as to what the waving indicated, and in the meantime a second police officer upon a motorcycle came up to the automobile together with the first policeman. Barbara then placed the car in motion and removed it from the parked area and proceeded along the highway to the place and point of accident.

The testimony further reveals that neither the father, Anthony Rozewski, the mother, Alice Rozewski, nor the daughter Jean had given permission to Barbara Symes to drive the automobile. The permission was extended solely to their daughter Jean. The permission was for restricted use of the automobile.

The issue then is—Do the facts in this case constitute an emergency that would create implied consent by the insured, Mrs. Alice Rozewski?

In *Prisuda v. General Casualty Co.* (1956), 272 Wis. 41, 74 N. W. (2d) 777, the facts were that permission was given to the son to use the mother's automobile to go on a swimming party. The testimony reveals that upon the return the son became tired or fatigued and his companion took over the wheel and drove the car and subsequently had an accident. In that case we held that there was time and opportunity to call the mother so as to ask permission for the son's friend to drive the automobile. We held that an emergency did not arise under those circumstances.

In the instant case, Jean parked her car illegally while the motor was in operation and left the car while the motor was running in a no-parking area, and continued her trip across the street to the studio for the purposes outlined by her mother.

We fail to find that any emergency could arise which would require implied consent so as to entitle Barbara Symes to operate the car from its parked position. The most that could have resulted from the illegal parking of the automobile by the daughter Jean, would have been an arrest for a parking violation. The driving of the automobile by Barbara Symes was without express or implied consent of the named insured in the Mutual Service Casualty Insurance Company policy, and Barbara Symes is not entitled to coverage. The judgment of the trial court is affirmed.

*By the Court.*—Judgment affirmed.

CURRIE and FAIRCHILD, JJ., dissent.