James M. HEATON, Plaintiff-Respondent,

v.

Michael W. MOUNTIN, Western National Mutual
Insurance Company, Robert Carlson, Leader National
Insurance Companies, and Blue Cross and Blue
Shield of Minnesota, Defendants-Respondents,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 99–1269. Submitted on briefs November 22,
1999.—Decided January 19, 2000.*

2000 WI App 45

(Also reported in 607 N.W.2d 322.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Beverly Wickstrom* of *Misfeldt, Stark, Richie, Wickstrom & Wachs* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Dean R. Rohde* of *Bye, Goff & Rohde, Ltd.* of River Falls On behalf of defendants-respondents, there was a brief by *Eric J. Magnuson* and *Dan J. Gendreau* of *Rider, Bennett, Egan & Arundel, LLP* of Minneapolis, Minnesota.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   HOOVER, P.J.   American Family Mutual Insurance Company appeals a summary judgment determining that Michael Mountin was covered under a policy issued to Robert Carlson. Robert gave permission to his son, Travis Carlson, to drive a Chevrolet Camaro that Robert and his wife, Diane, owned. Travis, in turn, gave permission to Mountin to drive the Camaro. The court concluded that the policy covers a person who drives an automobile with the permission of the person in lawful possession. American Family contends that the court erred because the policy unambiguously excludes from coverage any person, other than a relative, using an insured car without the permission of the policyholder or an adult member of the household, here Robert or Diane. Because the exclusions to those who are insured persons are to be applied separately, we agree that the policy excludes from coverage any person, other than a relative, using the car without Robert or Diane's permission.

¶ 2.   Mountin alternatively argues that we should affirm the circuit court because he had implied permission to drive the Camaro. The status of the record does not permit us to make that determination; the issue of implied permission will need to be addressed on remand. Accordingly, we reverse and remand.

¶ 3.   This case arises out of an automobile accident. Mountin was driving the Camaro when it struck James Heaton's vehicle. Travis, then seventeen years old, was a passenger in the Camaro at the time of the accident. The Camaro was covered under Robert's American Family automobile liability policy.

¶ 4.   Heaton sued Mountin, his insurance carrier, and American Family. Denying coverage, American Family answered that the insured car was used without the policyholder's permission or that of an adult member of his household. After issue was joined American Family moved for summary judgment.

¶ 5.   American Family submitted proofs indicating that Diane and Robert owned the Camaro, that Travis was seventeen at the time of the accident and although permitted to use the Camaro, was expressly prohibited from allowing any of his friends to drive it. Travis's affidavit stated that he had never permitted any friend to drive the automobile previously, but on this date, Mountin told Travis that "he was going to drive."

¶ 6.   ·Mountin responded with his own proofs that he had driven the Camaro before and that Travis had become sick and told him that "[Travis] could not drive home . . . ." Mountin averred that he believed the vehicle belonged to Travis and was not aware that Travis was not permitted to allow friends to drive it.

¶ 7.   The circuit court denied American Family's motion and determined that the policy provided cover-

age. The controversy turned upon the application of two sections of the policy[1] defining those who are not "insured persons":

> But the following are not **insured persons**:
>
> 1.   Any person other than a **relative**, using your insured car without **your** permission, or that of an adult member of your household . . . .
>
>    . . . .
>
> 3.   Any person using a vehicle without the permission of the person having lawful possession . . . .

The court considered these exclusions together and concluded that because Travis had lawful possession of the Camaro and gave Mountin permission to drive it, the policy afforded coverage. Subsequently, Mountin admitted negligence, the parties stipulated to the damages, and judgment was entered. American Family reserved the right to appeal the circuit court's grant of summary judgment on the coverage issue.

¶ 8.   We review summary judgment rulings independently, *see Burkes v. Klauser*, 185 Wis. 2d 308, 327, 517 N.W.2d 503 (1994), using the same methodology as the circuit court. *See Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980). A motion for summary judgment must be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* WIS. · STAT. § 802.08(2) (1997–98).

¶ 9.   We interpret an insurance policy's terms without deference to the circuit court's decision. *See*

---

[1] Consistent with both parties' characterization, we treat these sections as exclusions.

*Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 667, 436 N.W.2d 321 (1989). Insurance contracts are construed under the same rules of interpretation and construction that govern other contracts. *See Weimer v. Country Mut. Ins. Co.*, 216 Wis. 2d 705, 721, 575 N.W.2d 466 (1998). The primary object in contract interpretation is to ascertain and carry out the parties' intent. *See General Cas. Co. v. Hills*, 209 Wis. 2d 167, 175, 561 N.W.2d 718 (1997).

¶ 10. The policy provides liability coverage for an "insured person," defined as:

1. **You** or a **relative**.

2. Any person using your **insured car**.[2]

The policy further defines "you" as the policyholder, Robert and his spouse. The policy thus provides liability coverage to Robert, Diane and Travis while using any vehicle and, under the facts of this case, to any person using the Camaro subject to exclusions one and three.

¶ 11. American Family contends that the exclusions are to be read separately and if any one applies, coverage is excluded. Mountin claims that the "interrelationship between exclusions 1 and 3[ ] creates an uncertain effect under the facts and circumstances present here [that] creates an ambiguity in the policy language . . . and must be construed in favor of coverage." Mountin argues that he is not excluded from qualifying as an insured under exclusion 3 because he had permission to drive the Camaro from the person in lawful possession. It is therefore immaterial, Mountin

---

[2] **"Your insured car"** is defined as any car described in the declarations. The Camaro is described in the declarations and is therefore an insured car.

contends, that he did not have Robert or Diane's permission to use the automobile. We agree with American Family.

¶ 12.    Mountin would have us consider exclusions one and three together to find ambiguity. Exclusions, however, operate independently to deny coverage. *See Standard Fire Ins. Co. v. Chester O'Donley & Assocs.*, 972 S.W.2d 1, 7 (Tn. App. 1998). They should therefore be read seriatim.[3] *See Weedo v. Stone-E-Brick*, 405 A.2d 788, 795 (N.J. 1979). If any exclusion applies, Mountin is not covered by the policy.

¶ 13.    Under exclusion three, any person, including Robert and his relatives, using any vehicle without the permission of the person having lawful possession, is not an insured. Because under the definition of **"insured person"** someone outside of Robert's household is insured only while using the insured car, exclusion 3 normally applies to Robert's use of a nonowned vehicle. If he operates another vehicle without the permission of one having lawful possession of that vehicle, he is not an insured for purposes of the American Family policy. *See Oaks v. American Fam. Mut. Ins. Co.*, 195 Wis. 2d 42, 535 N.W.2d 120 (Ct. App. 1995) (the relative of the named insured was not an insured under a similar provision because he did not have permission from a person in lawful possession of a nonowned vehicle to use it).

---

[3] This approach follows the rule that giving a reasonable meaning to each provision of an insurance contract is preferable to one that renders part of the language useless or meaningless. *See Danielson v. Larsen Co.*, 197 Wis. 2d 799, 806, 541 N.W.2d 507 (Ct. App. 1995). Were we to adopt Mountin's interpretation, exclusion one would have no meaning because the test would always be whether one in lawful possession gave permission.

¶ 14. There is nothing in the policy, however, that prevents exclusion 3 from applying to a person using the Camaro. American Family acknowledges that Travis was in lawful possession of the vehicle and gave Mountin permission to use it. Mountin is therefore not excluded by operation of exclusion 3.

¶ 15. Under exclusion 1, any person other than a relative using an insured car, i.e. the Camaro, without Robert or Diane's permission is not an insured. While the circuit court did not decide whether this exclusion applies, it is undisputed that neither Robert nor Diane gave Mountin permission to drive the Camaro. Mountin is therefore excluded from coverage under exclusion 1.

¶ 16. Mountin invites us to affirm the circuit court's decision on the grounds that he had implied permission to drive the Camaro. "Implied permission arises when . . . it is reasonable to infer the permittee can assume permission was granted by the named insured." ARNOLD P. ANDERSON, WISCONSIN INSURANCE LAW 2–14, at § 2.3(a) (4th ed. 1999).[4] We agree with the

---

[4] In *Krebsbach v. Miller*, 22 Wis. 2d 171, 176–77, 125 N.W.2d 408 (1963), the supreme court identified three situations where implied permission may be found:

[1] when the first permittee, to whom the car was intrusted by the named insured without any express prohibition against letting another drive, retains possession of the car but turns over its operation to another while such first permittee remains an occupant of the car.

[2] where the named insured has knowledge that the first permittee is loaning the use of the insured vehicle to others and nevertheless remains silent. . . .

[3] where for all practical purposes the first permittee is the real owner of the car but title has been taken in the name of the named insured for reasons of convenience, the general control and custody of the first permittee is such that, when he grants permission to a

circuit court, however, that substantial factual disputes prevent summary determination of the implied consent issue. On remand, the parties may complete the record on this issue.

■

¶ 17. In conclusion, because the provisions excluding persons from the definition of "**insured person**" are to be applied separately, the policy excludes coverage for any person, other than a relative, using the Camaro without Robert or Diane's permission. Mountin did not have such permission. The record does not permit us to determine whether Mountin had implied permission to use the Camaro. That issue will need to be addressed on remand. Accordingly, we reverse and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.

third person to operate the insured vehicle such operation is held to be with the implied permission of the named insured. (Footnote and citations omitted.)

Another variant of implied permission is the emergency situation. *See Bauer v. Hardware Mut. Cas. Co.*, 13 Wis. 2d 21, 108 N.W.2d 271 (1961); *Prisuda v. General Cas. Co.*, 272 Wis. 41, 74 N.W.2d 777 (1956).