STATE of Wisconsin, Plaintiff-Appellant,

v.

James B. SMITS, Defendant-Respondent.†

Court of Appeals

*No. 00–1158–CR. Submitted on briefs December 19, 2000.—Decided January 17, 2001.*

2001 WI App 45

(Also reported in 626 N.W.2d 42.)

†Petition to review dismissed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Kathleen M. Ptacek*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael J. Ganzer* of *Hodan, Doster & Ganzer, S.C.*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. The State appeals an order dismissing two felony charges against James Smits: operating a motor vehicle while under the influence of an intoxicant (OWI), sixth offense, contrary to WIS. STAT. § 346.63(1)(a)[1] and operating a motor vehicle with a prohibited alcohol concentration (PAC), sixth offense, contrary to WIS. STAT. § 346.63(1)(b). Smits was also charged with two misdemeanors: causing injury to another person while operating a vehicle while under the influence of an intoxicant, contrary to WIS. STAT. § 346.63(2)(a)1 and causing injury to another person while operating a vehicle while having a prohibited alcohol concentration of .10%, contrary to WIS. STAT. § 346.63(2)(a)2.

¶ 2. The circuit court dismissed the first two charges because it determined that OWI and PAC are

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

lesser-included offenses of misdemeanor injury-related OWI and PAC. The State argues that OWI and PAC are not lesser-included offenses because: (1) each statute requires proof of a fact that the other does not; (2) PAC has an additional element that is not present in an injury-related PAC; and (3) a felony cannot be a lesser-included offense of a misdemeanor. We agree and reverse.

## BACKGROUND

¶ 3. Smits and a passenger were injured when Smits lost control of his motorcycle on July 31, 1999. Smits entered pleas of no contest to the injury-related OWI and injury-related PAC charges. The circuit court accepted his pleas and found him guilty.

¶ 4. Smits then moved to dismiss the remaining OWI and PAC charges on the grounds that continued prosecution violated his right to be free from double jeopardy. *See* U.S. CONST. amend. V; WIS. CONST. art. I, § 8. The trial court granted the motion. This appeal followed.

## STANDARD OF REVIEW

■

¶ 5. Multiple convictions for the same offense violate the double jeopardy protections of the state and federal constitutions. *State v. Sauceda*, 168 Wis. 2d 486, 492, 485 N.W.2d 1 (1992). Determining whether multiple charges violate constitutional protections presents a question of law we review independently. *State v. Kanarowski*, 170 Wis. 2d 504, 509, 489 N.W.2d 660 (Ct. App. 1992).

## DISCUSSION

¶ 6. Wisconsin uses a two-prong test to analyze problems of multiplicity. *Sauceda*, 168 Wis. 2d at 493. First, we must consider whether the offense is identical in law and fact. *State v. Lechner*, 217 Wis. 2d 392, 403, 576 N.W.2d 912 (1998). We apply the *Blockburger v. United States*, 284 U.S. 299 (1932), elements only test. *Sauceda*, 168 Wis. 2d at 493. This test has been codified in WIS. STAT. § 939.66(1).[2]

¶ 7. Under the *Blockburger* elements only test, the "lesser offense must be statutorily included in the greater offense and contain no element in addition to the elements constituting the greater offense." *State v. Carrington*, 134 Wis. 2d 260, 265, 397 N.W.2d 484 (1986). It must be "utterly impossible" to commit the greater crime without committing the lesser. *Randolph v. State*, 83 Wis. 2d 630, 645, 266 N.W.2d 334 (1978). The inquiry is a purely legal analysis of the statutes involved with no deference given to the facts of the specific case. *See Carrington*, 134 Wis. 2d at 265.

¶ 8. Second, if the statutes satisfy the first prong, a presumption arises that the legislature intended to permit cumulative convictions, unless other factors clearly indicate otherwise. *See State v. Kuntz*, 160 Wis. 2d 722, 755, 467 N.W.2d 531 (1991). We then review the legislative intent under the second prong of the test to determine whether contrary factors exist. *Sauceda*, 168 Wis. 2d at 495. "The overall test is one of funda-

---

[2] WISCONSIN STAT. § 939.66 reads as follows:

**Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged.

mental fairness or prejudice to the defendant." *State v. Hirsch*, 140 Wis. 2d 468, 471–72, 410 N.W.2d 638 (Ct. App. 1987).

I. FIRST PRONG

A. Different Elements: motor vehicle vs. vehicle

¶ 9. Under the first prong, we apply the *Blockburger* elements only test. The State argues that there is no multiplicity between OWI and injury-related OWI, and between PAC and injury-related PAC, because the statutes each require proof of a fact that the other does not. *See Sauceda*, 168 Wis. 2d at 495. We agree.

¶ 10. WISCONSIN STAT. § 346.63(1), OWI and PAC, provides:

(1) No person may drive or operate a *motor vehicle* while:

(a) Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or

(b) The person has a prohibited alcohol concentration. (Emphasis added.)

¶ 11. In contrast, WIS. STAT. § 346.63(2)(a), injury-related OWI and PAC, provides:

**(2)**(a) It is unlawful for any person to cause injury to another person by the operation of a *vehicle* while:

1. Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or

2. The person has a prohibited alcohol concentration. (Emphasis added.)

¶ 12. Both OWI and PAC contain elements requiring operation of a "motor vehicle." Injury-related OWI and PAC, on the other hand, contain elements requiring operation of a "vehicle." An analysis of the statutes reveals that motor vehicle is a more restrictive term than vehicle. WISCONSIN STAT. § 340.01(35) defines a motor vehicle as "a vehicle . . . which is self-propelled . . . ." WISCONSIN STAT. § 340.01(74) defines a vehicle as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except railroad trains."

¶ 13. While the terms are similar, they have different meanings. Where the legislature uses similar but different terms in a statute, particularly within the same section, we must presume the legislature intended those terms to have different meanings. *See Calaway v. Brown County*, 202 Wis. 2d 736, 757–58, 553 N.W.2d 809 (Ct. App. 1996).

¶ 14. Smits argues that the terms have the same meaning and that "the only reason this case is in its current position is because the Wisconsin Legislature

was not particularly thoughtful . . . ." He observes that WIS JI—CRIMINAL 2661, injury-related PAC, is entitled, "operating a motor vehicle with a prohibited alcohol concentration and causing injury—0.10%/0.10 grams or more—§ 346.63(2)(a)." Similarly, WIS JI—CRIMINAL 2665, operating a motor vehicle while under the influence of an intoxicant causing injury contains a similar reference to motor vehicle in its title. We are not persuaded.

¶ 15. WISCONSIN STAT. § 346.63(2)(a)1 does not contain the term motor vehicle, nor did it incorporate that term at its inception. *See* WIS. STAT. § 346.63(2) (1957). When the statute was first enacted, the legislature distinguished between motor vehicle and vehicle. "It is reasonable to presume that the legislature chose its terms carefully and precisely to express its meaning." *State v. McKenzie*, 139 Wis. 2d 171, 177, 407 N.W.2d 274 (Ct. App. 1987).

■

¶ 16. Moreover, the comment contained in both WIS JI—CRIMINAL 2661 and 2665 affirmatively explains that the statute uses the term vehicle and not motor vehicle. The Jury Instruction Committee assumed that this difference was intentional on the part of the legislature. The difference is justified by the fact that offenses involving injury are considered more serious than simple operating offenses, thus leading to a broader category of conduct for the operating of devices which do not fall within the definition of motor vehicle. *See* WIS JI—CRIMINAL 2661 n.1 and 2665 n.1. We conclude that this difference was intentional on the part of the legislature. *See id.*

## B. Additional Element: prior convictions

¶ 17. The State also argues that the PAC charge has an additional element that injury-related PAC does not.[3] We agree.

¶ 18. Under WIS. STAT. § 340.01(46m)(b), a prohibited alcohol concentration means "[i]f the person has 2 prior convictions, suspensions or revocations, as counted under s. 343.307(1), an alcohol concentration of 0.08 or more." Here, Smits was charged with operating a motor vehicle with a PAC of .08% or more and was charged with an injury-related PAC of .10% or more.

¶ 19. Operating a motor vehicle with a PAC of .08% or more under WIS. STAT. § 346.63(1)(b) requires that the defendant have two or more prior convictions, suspensions or revocations under WIS. STAT. § 343.307(1). *See* WIS JI—CRIMINAL 2660B. Injury-related PAC under WIS. STAT. § 346.63(2)(a) does not require proof of prior convictions. *See* WIS JI—CRIMINAL 2661.

¶ 20. Smits argues that the number of prior convictions is not an element of the offense, but rather it is determinative of the status of defendant as a repeat offender. We disagree.

¶ 21. In *State v. Ludeking*, 195 Wis. 2d 132, 141, 536 N.W.2d 392 (Ct. App. 1995), we concluded that "two or more prior convictions are an element of the offense of driving with a prohibited alcohol concentration in violation of" WIS. STAT. §§ 346.63(1)(b) and 340.01(46m)(b).

---

[3] The State only argues that the PAC charge contains an additional statutory element of prior convictions that is not required by injury-related PAC. It does not raise another potential argument, that PAC of .08% is a different element than the injury-related PAC of .10%

¶ 22. In *State v. Alexander*, 214 Wis. 2d 628, 651–52, 571 N.W.2d 662 (1997), our supreme court agreed that prior convictions are an element of PAC when WIS. STAT. § 340.01(46m)(b) applies. However, the supreme court determined that admitting evidence of prior convictions in that situation was improper because of the danger of unfair prejudice to the defendant. *See id.* at 652.

¶ 23. Thus, PAC contains an additional statutory element of prior convictions. "[A]n offense is not a lesser-included one if it contains an additional statutory element." *Kuntz*, 160 Wis. 2d at 755 (quoting *State v. Hagenkord*, 100 Wis. 2d 452, 481, 302 N.W.2d 421 (1981)).

C. Felony-Misdemeanor

¶ 24. The State also argues that OWI and PAC felonies cannot be lesser-included offenses of injury-related OWI and PAC misdemeanors. The State contends that because the felonies are not lesser-included offenses, there is no violation of double jeopardy. Therefore, Smits can be convicted of all charges. We agree.

¶ 25. "Under the elements only test, the lesser offense must be statutorily included in the greater offense and contain no element in addition to the elements constituting the greater offense." *Carrington*, 134 Wis. 2d at 265.

¶ 26. The United States Supreme Court, in construing federal law, noted that a lesser offense means "lesser in terms of magnitude of punishment." *Carter v. United States*, 120 S. Ct. 2159, 2164 n.2 (2000). When the elements of the lesser offense are a subset of the charged offense, the lesser offense attains the status of

384

a lesser-included offense. *Id.* A lesser-included offense must be both lesser and included. In addition, the District of Columbia Court of Appeals, when applying the *Blockburger* test, observed that an offense with a heavier penalty cannot be regarded as a lesser offense than one with a lighter penalty. *See Hicks v. United States*, 658 A.2d 200, 203–04 (D.C. 1995).

¶ 27. Similarly, in *Harris v. State*, 68 Wis. 2d 436, 228 N.W.2d 645 (1975), our supreme court determined which of two degrees of homicide was the lesser and which was the greater. The court did not look at the elements of the two offenses. Rather, it focused on the potential penalty for each offense. *See id.* at 441–42.

¶ 28. Applying the penalty analysis to the present case, OWI and PAC, sixth offense, are felonies that carry greater penalties than injury-related OWI and PAC, which are misdemeanors. As a result, OWI and PAC, sixth offense, are not lesser crimes than injury-related OWI and PAC.

II. SECOND PRONG

¶ 29. Under the second prong, we presume that the legislature intended to permit cumulative punishments. *See Sauceda*, 168 Wis. 2d at 495. This presumption may be rebutted only if other factors clearly indicate a contrary legislative intent. *See Kuntz*, 160 Wis. 2d at 755.

¶ 30. Nothing Smits argues indicates a legislative intent contrary to allowing convictions for both offenses charged. If OWI and PAC were multiplicitous with injury-related OWI and PAC, prosecutors bringing charges against a repeat drunk driver who caused

injury and who had enough prior convictions to merit felony prosecution on the OWI and PAC charges would have to make a choice.

¶ 31. Prosecutors would be required to choose between charging the misdemeanor with injury or charging the felony OWI or PAC. The prosecutor, undoubtedly, would charge the crime with the greater penalty. We presume that the legislature did not intend injury-related OWI and PAC to go unpunished in order for a prosecutor to protect the public from OWI and PAC, sixth offense. This is contrary to the principle that the legislature permits prosecution under more than one statute for the same conduct. *See* WIS. STAT. § 939.65.

*By the Court.*—Order reversed.