State of Wisconsin, Plaintiff-Respondent,
v.
Paul L. Bathe, Defendant-Appellant.
No. 03-0993.
Court of Appeals of Wisconsin.
Opinion Filed: February 25, 2004.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶ 1. NETTESHEIM, J.
A jury found Paul L. Bathe guilty as party to the crimes of attempted first-degree homicide while armed and armed burglary. The jury also found Bathe guilty of conspiracy to commit armed robbery. Bathe appeals pro se from a postconviction order denying his motion claiming ineffective assistance of trial counsel and postconviction counsel.[1] The trial court dismissed the motion without conducting a Machner[2] hearing. We reject Bathe's arguments and affirm the postconviction order.

Test for Ineffective Assistance of Counsel and Standard of Review
¶ 2. To show ineffective assistance of counsel, the defendant must show that the attorney's performance was deficient and that such performance prejudiced the defense. State v. Pitsch, 124 Wis. 2d 628, 633, 369 N.W.2d 711 (1985). A reviewing court need not address the performance prong if the defendant has failed to show prejudice and vice versa. Strickland v. Washington, 466 U.S. 668, 697 (1984). To prevail, the defendant must show that the attorney's representation fell below an objective standard of reasonableness. Id. at 688. We indulge in a strong presumption that counsel acted reasonably within professional norms. State v. Trawitzki, 2001 WI 77, 244 Wis. 2d 523, ¶40, 628 N.W.2d 801.
¶ 3. As to prejudice, it is not enough for a defendant to merely show that the alleged deficient performance had some conceivable effect on the outcome; rather, the defendant must show that, but for the attorney's error, there is a reasonable probability that the result of the trial would have been different. State v. Erickson, 227 Wis. 2d 758, 773, 596 N.W.2d 749 (1999).
¶ 4. A claim of ineffective assistance of counsel presents a mixed question of fact and law. State v. O'Brien, 223 Wis. 2d 303, 324-25, 588 N.W.2d 8 (1999). Upon appellate review, we will affirm the trial court's findings of historical fact concerning counsel's performance unless those findings are clearly erroneous. Id. However, the ultimate question of effective assistance is one of law, subject to independent review. Id. at 325.
¶ 5. As to postconviction counsel, we observe that a defendant does not have a constitutional right to have postconviction appellate counsel raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751-53 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Rather, such counsel should select from among the potential issues those that maximize the likelihood of success on review. See Smith v. Robbins, 528 U.S. 259, 288 (2000).
¶ 6. In State v. Bentley, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), the supreme court set out the steps a trial court must take when presented with a claim of ineffective assistance of counsel. First, the court must examine the four corners of the motion and determine whether it alleges facts that would entitle the defendant to relief. Id. at 310. We review this determination de novo as a question of law. If the trial court determines that the motion passes muster under this inquiry, the trial court must conduct a hearing. Id. If the motion does not pass muster, the trial court may, in the proper exercise of discretion, deny the motion without a hearing. Id. at 310-11. We review this second prong of the test under the deferential erroneous exercise of discretion standard. Id. at 311.
¶ 7. With these principles in mind, we turn to Bathe's appellate claims.

DISCUSSION
¶ 8. We preface our discussion with an observation. Bathe's pro se appellate brief is confusing, rambling and unorganized. When discussing a particular issue, the brief often strays into unrelated and irrelevant matters. We have labored to discern Bathe's true grievances and address them in this opinion. If we have missed a point that Bathe intended to raise, it is Bathe's fault, not ours.

Lesser-Included Offenses
¶ 9. Bathe claims that his trial counsel was ineffective for failing to seek lesser-included offenses as to each of the three charges. This argument is waived on two levels. First, Bathe's Machner motion failed to demonstrate any lesser-included offenses trial counsel should have requested. Second, Bathe's arguments on appeal suffer the same shortcoming.[3]
¶ 10. It is a fundamental principle of appellate review that issues must be preserved at the circuit court level. State v. Caban, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). Issues that are not preserved at the circuit court level, even alleged constitutional errors, generally will not be considered on appeal. Id.
¶ 11. We recognize that the waiver rule is one of judicial administration and we are free in the exercise of our discretion to address an issue otherwise waived. Id. at 609. However, before we could address Bathe's claim, we would first have to conduct a detailed analysis of the evidentiary record, then discern what lesser-included offenses arguably should have been requested and, finally, mount an argument why the offenses should have been submitted to the jury. Bathe has failed to assist us on all three of these tasks.
¶ 12. We may decline to review issues inadequately briefed. This is Bathe's appeal, not ours. "We cannot serve as both advocate and judge." State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).
¶ 13. At times during the course of his lesser-included discussion, Bathe appears to challenge the sufficiency of the evidence, and he additionally argues that he withdrew from the conspiracy. However, these arguments are conclusory, lack explanation, and have no bearing on Bathe's overarching argument that his trial counsel was ineffective for failing to seek lesser-included offenses. We hold that this issue is waived.

Double Jeopardy
¶ 14. Bathe argues that the convictions for conspiracy to commit armed robbery and armed burglary as a party to the crimes are duplicitous in violation of his protection against double jeopardy. Here again, Bathe's appellate brief fails to provide a reasoned analysis of the issue. Nonetheless we address the issue on the merits.
¶ 15. We apply a two-prong test to analyze a multiplicity claim. State v. Smiths, 2000 WI App 45, 241 Wis. 2d 374, ¶6, 626 N.W.2d 42. First, we consider whether the offenses are identical in law and fact, applying the Blockberger[4] "elements only" test. Smiths, 241 Wis. 2d 374, ¶6. Here it is readily apparent that the offenses of conspiracy to commit armed robbery and party to the crime of armed burglary are not identical. For instance, burglary requires proof of intentional entry to a building without consent whereas robbery requires proof of taking or carrying away the property of another. See Wis. Stat. §§ 943.10(1) & 943.32(1)(a) (2001-02).[5] This creates a presumption that the legislature intended to permit multiple convictions unless contrary factors clearly indicate otherwise. Smiths, 241 Wis. 2d 374, ¶8. This search for any contrary factors represents the second prong of the test.
¶ 16. We see nothing that might support a claim that the legislature intended to bar the multiple convictions at issue in this case. Wisconsin Stat. § 939.65 provides: "[I]f an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions." Here, the multiple prosecutions are supported by separate statutory provisions. In State v. Moffett, 2000 WI 130, ¶12, 239 Wis. 2d 629, 619 N.W.2d 918, the supreme court upheld multiple prosecutions for conspiracy to commit first-degree intentional homicide and party to the crime of the same offense. If that is so as to the same crime, then it is certainly so where, as here, the underlying crimes are different.
¶ 17. The multiple prosecutions and resulting convictions did not violate Bathe's double jeopardy rights.

Note Taking by the Jury
¶ 18. Bathe argues that his trial counsel was ineffective for failing to object to the trial court's failure to comply with Wis. Stat. § 805.13(2)(a) which governs note taking by the jury. The statute allows the trial court to permit note taking, but requires the court to deliver certain cautionary instructions to the jury regarding that process. Id. at subd. (2)(a)1. The statute also provides that if the court does not allow note taking, the court "shall state the reasons for the determination on the record." Id. at subd. (2)(a)2.
¶ 19. As best we can discern, Bathe is complaining that the trial court failed to deliver the requisite preliminary instructions mandated by Wis. Stat. § 805.13(2)(a) and that trial counsel should have noted this failing. However, we have a threshold problem with this issue because Bathe's appellate brief fails to clearly demonstrate that the trial court, in fact, permitted note taking. Bathe offers no citations to the record indicating that the trial court allowed the jury to take notes. In addition, the transcript of the trial court's preliminary instructions does not refer to note taking, suggesting that the court did not see the need for this procedure.[6] We acknowledge that in its opening statement, the prosecutor did tell the jury, "later on you will be given notepads and pencils." Nonetheless, we are offered no citation to the record confirming that the prosecutor's prediction was carried out.
¶ 20. Assuming for the sake of argument that the trial court did allow note taking and failed to deliver the preliminary instructions required by Wis. Stat. § 805.13(2)(a)1, Bathe has failed to demonstrate any resulting prejudice. His contention that the jury improperly took notes during the attorneys' opening and closing statements is rank speculation. And even if that occurred, Bathe has failed to argue, much less demonstrate, how such affected the jury's verdicts.

Party to a Crime and the Guilty Verdicts
¶ 21. This issue concerns the armed burglary conviction. Bathe contends that he was improperly convicted as a party to the crime because the trial court did not instruct the jury under this theory. Bathe contends that his trial counsel was ineffective for failing to raise this issue with the trial court. This is the only appellate issue with some degree of merit, and we address the issue at some length. Nonetheless, we reject Bathe's argument.
¶ 22. The information charged Bathe with armed burglary as a party to the crime.[7] As part of the preliminary instructions, the trial court delivered the standard instruction on party to a crime. See Wis JI-Criminal 400. At the jury instructions conference, Bathe's attorney questioned whether the trial court should deliver the party to a crime instruction as to the armed burglary charge.[8] The trial court responded, "Well, I know what you're saying. I don't know if there's an answer to it."
¶ 23. The following day the trial court instructed the jury. When the court began the instruction on the armed burglary count, the court halted the instructions and conferred with the attorneys in chambers. The court indicated that it now agreed with Bathe's counsel and stated that it would not deliver the party to a crime instruction regarding the armed burglary charge.[9] The court and the attorneys then returned to the courtroom and the court instructed the jury on the elements of armed burglary without the party to a crime language. However, the court did not amend the verdict to conform to this change in the instructions. Instead, the verdict that was submitted to the jury on the armed robbery charge retained the party to a crime language. Thus, the jury found Bathe guilty of armed burglary as a party to the crime. As a result, Bathe argues that he was found guilty of a crime for which the jury was not instructed.
¶ 24. The State does not dispute that there is a facial conflict between the trial court's instructions on the armed robbery charge and the form of the verdict regarding that charge. However, the State argues that this conflict does not warrant reversal. We agree.
¶ 25. In Jackson v. State, 92 Wis.2d 1, 7-8, 284 N.W.2d 685 (Ct. App. 1979), the court of appeals said:
In Holland [v. State, 91 Wis. 2d 134, 280 N.W.2d 288 (1979),] the [supreme] court held that while the State must prove every element of the offense charged beyond a reasonable doubt, the jury need not unanimously agree on the alternative ways in which a defendant can be held criminally liable for the offense. Being a party to the crime is not an element of the offense charged. It is only the means by which the defendant is held criminally liable for the offense. Thus, once the State has proven the elements of the offense, all the jury need agree on is that the defendant was somehow or in some way a party to the crime charged and proven.
See also State v. Hecht, 116 Wis. 2d 605, 619, 342 N.W.2d 721 (1984); State v. Thomas, 161 Wis. 2d 616, 632, 468 N.W.2d 729 (Ct. App. 1991); Wray v. State, 87 Wis. 2d 367, 374, 275 N.W.2d 731 (Ct. App. 1978).
¶ 26. This case is somewhat akin to Harrison v. State, 78 Wis. 2d 189, 254 N.W.2d 220 (1977), where the information charged Harrison with directly committing the crimes, but the jury was instructed under the law of party to a crime. Id. at 207. Consistent with the information, the verdict submitted to the jury did not include any party to the crime language. The jury returned a verdict of guilty "and by that verdict Harrison was found guilty as a principal on each count." Id. Harrison appealed. The supreme court framed the issue as follows:
The emphasis of the Public Defender seems to be upon the fact that, because the verdict, in conformity with the information and with sec. 939.05, found him guilty as a principal he is unable to attack his conviction, because he cannot ascertain which of the three alternatives were selected by the jury. Although the Pubic Defender does not appear to argue that, by reason of the instruction, the defendant was not apprised of the charges against him, it would appear that such argument is implicit in the Public Defender's proposition.
Harrison, 78 Wis. 2d at 208.
¶ 27. In upholding the conviction, the supreme court stated:
In State v. Shears, 68 Wis. 2d 217, 229 N.W.2d 103 (1975), we pointed out that the purpose behind the enactment of sec. 939.05, Stats., was to abolish the common law distinctions between principals and accessories to a crime. We specifically held, relying on [State v.] Cydzik [60 Wis. 2d 683, 211 N.W.2d 421 (1973),] that the instructions to the jury, which not only instructed on the principal crime but on aiding and abetting and conspiracy, did not unconstitutionally deny a defendant of notice.
The instructions under sec. 939.05, Stats., were not unconstitutionally applied in the instant case. It is entirely correct, in accordance with the rationale of sec. 939.05, that the verdict of the jury refer only to the substantive offense, even when a party to a crime instruction has been given and when the jury has made the finding of guilt on an alternate basis of vicarious liability.
Harrison, 78 Wis. 2d at 210.
¶ 28. Thus, Harrison holds that it is not error where the jury is instructed under the law of party to a crime, but the jury convicts the defendant as a direct actor. We see no reason for a different result in this reverse situation where the jury was instructed under the law of direct actor but the jury convicts the defendant as a party to a crime.
¶ 29. As in Harrison, the jury here was correctly instructed as to the elements of the underlying offense. Although the jury found Bathe guilty as a party to the crime, such status is not an element of the offense. Jackson, 92 Wis. 2d at 7. A person who is concerned in the commission of a crime is a principal and may be charged and convicted as such even if the person did not directly commit the crime. Wis. Stat. § 939.05(1). A person is concerned in the commission of a crime if the person directly commits the crime, intentionally aids and abets the commission of the crime, or is a party to a conspiracy to commit the crime. Sec. 939.05(2). The jury here was required to unanimously agree that Bathe was concerned in the commission of the underlying crime, armed burglary. Jackson, 92 Wis. 2d at 7-8. However, the jury was not required to unanimously agree on the manner in which he committed the crime.
¶ 30. In conclusion, we hold that the facial conflict between the trial court's final instructions to the jury and the form of the guilty verdict did not constitute error, much less reversible error. Therefore, trial counsel was not ineffective for failing to raise this issue with the trial court.[10]

Miscellaneous Issues
¶ 31. Bathe raises a number of additional issues, which we deem meritless and summarily reject.
¶ 32. Bathe complains that the jury was not polled. However, the trial court did ask the jury, "[A]re these your unanimous verdicts?" to which the jury answered with a collective" yes." The court further asked, "Is there anyone who does not agree with the verdict as read?" The transcript shows "[n]o response." There is no requirement that trial counsel must ask for a jury polling in every case. And we see nothing about this case that suggests that such a procedure was necessary. Moreover, the court's inquiries clearly indicate juror unanimity regarding the verdicts.
¶ 33. Bathe argues that trial counsel was ineffective for failing to investigate the facts and the law. But he fails to cite to the record in support of these alleged deficiencies. Here again, Bathe's arguments would require us to serve as both advocate and judge. We decline. Pettit, 171 Wis. 2d at 647.
¶ 34. Bathe argues that trial counsel failed to investigate the possibility that a third party was involved in the offense. He cites to State v. Denny, 120 Wis. 2d 614, 357 N.W.2d 12 (Ct. App. 1984), in support. This is not a Denny case. There, we adopted the "legitimate tendency" test, which requires as a condition of admissibility that a defendant show that the third person had motive and opportunity to commit the crime and there is some evidence, not remote in time, place or circumstances, which tends to directly connect the third person to the crime charged. Id. at 624. Here, however, Bathe's defense was alibi, not third-party responsibility. Moreover, Bathe's motion fails to indicate that he provided his trial counsel with information reasonably suggesting that such an investigation would be productive.
¶ 35. Bathe argues that trial counsel was ineffective for failing to request that the State's witnesses be sequestered. However, Bathe points to no resulting prejudice. Instead he speculates about possible prejudice.
¶ 36. Bathe argues that trial counsel was ineffective for failing to object to evidence about his postarrest demeanor during his interrogation by the police. He contends that this evidence represented improper character evidence. We disagree. The testifying officer merely indicated that Bathe appeared "Cocky. Kind of I don't care attitude type." This was not evidence tending to show a general aspect of Bathe's character. "Character is a generalized description of a person's disposition, or the disposition in respect to a general trait, such as honesty, temperance or peacefulness." Steinberg v. Arcilla, 194 Wis. 2d 759, 766-67, 535 N.W.2d 444 (Ct. App. 1995) (citation omitted). Rather, the officer merely testified as to how Bathe reacted in this particular interrogation setting.
¶ 37. Bathe argues that the prosecutor engaged in improper final argument and that his trial counsel should have objected. We disagree. The prosecutor's argument was based on the evidence and the prosecutor was entitled to argue for the credibility of the State's witnesses and for the persuasiveness of the State's case. See State v. Draize, 88 Wis. 2d 445, 454, 276 N.W.2d 784 (1979).[11]

POSTCONVICTION COUNSEL
¶ 38. We reject all of Bathe's challenges to the performance of his trial counsel either on the basis that counsel was not ineffective or that Bathe has failed to establish prejudice. From that, it follows that postconviction counsel was not ineffective for failing to raise these same issues with the trial court. See State v. Ziebart, 2003 WI App 258, ¶15, ___ Wis. 2d ___, 673 N.W.2d 369 ("[T]to establish that postconviction or appellate counsel was ineffective, a defendant bears the burden of proving that trial counsel's performance was deficient and prejudicial.").

CONCLUSION
¶ 39. On its face, Bathe's motion claiming ineffective assistance of trial counsel failed to demonstrate a basis for relief. Therefore, the trial court did not misuse its discretion in rejecting Bathe's motion without conducting a Machner hearing.
By the Court.  Order affirmed.
NOTES
[1] We affirmed Bathe's convictions on direct appeal. See State v. Bathe,

No. 95-3297-CR, unpublished slip op. (Wis. Ct. App. Feb. 24, 1997).
[2] State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).
[3] Bathe's appellate brief is a mirror image of the brief he supplied in support of his Machner motion.
[4] Blockberger v. United States, 284 U.S. 299 (1932).
[5] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[6] If the trial court did not permit note taking, Bathe raises no argument that the court did not comply with Wis. Stat. § 805.13(2)(a)2. which requires the court to "state the reasons for the determination on the record."
[7] The Information charged Bathe "as a person concerned in the commission of the crime." The parties appear to construe this as an allegation that Bathe was a party to the crime, and the trial court so instructed the jury in its preliminary instructions. Bathe does not challenge the court's preliminary instructions.
[8] Bathe's attorney said, "It's quite clear that if he was there he's guilty of armed burglary. If he's not there, obviously I think the ... coincidental inclusion of a conspiracy count which precedes it could create some confusion because you're defining really two different types of conspiracy." Counsel's concern is understandable in light of Bathe's alibi defense.
[9] The State objected to the trial court's change of mind on this question. The correctness of the court's ruling is not before us on appeal.
[10] Bathe raises a related claim that trial counsel was ineffective for failing to be present when the jury returned the guilty verdicts. Instead, substituted counsel was present. Bathe reasons that trial counsel would have noted the conflict between the final instructions and the form of the verdict and would have raised the issue with the trial court. Our holding that the conflict does not constitute grounds for challenging the verdict disposes of this related claim.
[11] In a related argument, Bathe complains that the prosecutor represented to the jury that he had put Bathe on the stand as a witness. Bathe misinterprets the prosecutor's remark. The prosecutor used a display board during his final argument as he worked through the evidence. Bathe's name was on the board. In that context, the prosecutor said that he "put Paul Bathe on here because I believe ... his testimony helped to establish his guilt in this case."