# 2019 WI App 60

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2018AP997-CR

Complete Title of Case:

**STATE OF WISCONSIN,**

  **PLAINTIFF-RESPONDENT,**

  **V.**

**KEITH H. SHOEDER,**

  **DEFENDANT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | October 1, 2019 |
| Submitted on Briefs: | February 19, 2019 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the brief of *Gary S. Cirilli* of *Cirilli Law Offices, S.C.*, Rhinelander. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brad D. Schimel*, attorney general, and *Kara L. Mele*, assistant attorney general. |

COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP997-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF118

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

KEITH H. SHOEDER,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Oneida County: MICHAEL H. BLOOM, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1   HRUZ, J.   Keith Shoeder was observed operating his riding lawn mower on the shoulder of a public roadway and was subsequently arrested for fourth-offense operating a motor vehicle while intoxicated (OWI).  Shoeder argues the circuit court erroneously denied his motion to dismiss that charge because a

riding lawn mower is not a "motor vehicle" within the meaning of Wisconsin's OWI statute, WIS. STAT. § 346.63(1)(a) (2017-18).[1] Instead, he argues his riding lawn mower is an "all-terrain vehicle," the operation of which while intoxicated is subject to a different penalty scheme. We conclude the relevant statutes permit Shoeder's prosecution for OWI because his riding lawn mower qualifies as a "motor vehicle." We further conclude Shoeder's riding lawn mower does not satisfy the statutory definition of an "all-terrain vehicle." Accordingly, we affirm his OWI conviction.

## BACKGROUND

¶2 According to the criminal complaint, on the afternoon of May 9, 2017, Oneida County dispatch received an anonymous telephone call reporting that Shoeder had an active warrant and was present at a tavern located in the Township of Pine Lake. Deputy Richard Brewer responded to the report and identified Shoeder driving an orange Husqvarna riding lawn mower southbound on the blacktop shoulder of Eagle Street, in the nearby City of Rhinelander. Brewer, heading northbound, passed by Shoeder and then saw him take an abrupt right turn onto a driveway that led to some condominiums.

¶3 Brewer turned around to follow Shoeder and activated the emergency lights on his marked squad car. Shoeder refused to stop, and Brewer activated his siren. Shoeder then drove off the driveway onto the front grassy area

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

of the condominiums and through some trees. Brewer stopped his squad car and eventually apprehended Shoeder on foot.

¶4 Upon making contact with Shoeder, Brewer noticed a strong odor of alcohol. Shoeder seemed "dazed and confused," his responses to questions were incomprehensible or evasive, his eyes were glassy, and he had difficulty keeping his balance. Shoeder denied drinking alcohol, and he claimed his difficulties were the result of a brain surgery. He refused to complete his field sobriety tests and was arrested. A subsequent blood draw showed Shoeder's blood alcohol concentration was .119.

¶5 Shoeder was charged with fourth-offense OWI and fourth-offense operating with a prohibited alcohol concentration (PAC), both in violation of WIS. STAT. § 346.63(1). He filed a motion to dismiss the charges,[2] asserting he had not operated a "motor vehicle" within the meaning of § 346.63(1)(a), which, as relevant here, prohibits a person from driving or operating a motor vehicle while under the influence of an intoxicant. Following a hearing, the circuit court denied the motion. Shoeder then pled no contest to the OWI charge, the PAC charge was dismissed, and he was sentenced.[3] He now appeals, challenging the denial of his motion to dismiss.

## DISCUSSION

---

[2] Because the State filed the PAC charge after Shoeder had filed his motion to dismiss, Shoeder's motion discussed only the validity of the OWI charge. His arguments, however, applied equally to the PAC charge, which also required proof that Shoeder drove or operated a motor vehicle. *See* WIS. STAT. § 346.63(1)(b).

[3] Shoeder's sentence was stayed pending appeal.

¶6    The validity of Shoeder's prosecution for an OWI under WIS. STAT. § 346.63(1)(a) turns upon whether his riding lawn mower qualifies as a "motor vehicle" or, alternatively, whether it qualifies as an "all-terrain vehicle" under the relevant statutory definitions. Statutory interpretation and the application of a statute to a given set of facts are questions of law that we review de novo. *State v. Wiskerchen*, 2019 WI 1, ¶16, 385 Wis. 2d 120, 921 N.W.2d 730.

¶7    When we engage in statutory interpretation, we begin with the language of the statute. *Id.*, ¶20. We give statutory language its common, ordinary and accepted meaning, except that technical or specially defined words or phrases are given those respective definitional meanings. *Id.* Statutory language is interpreted in the context it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd or unreasonable results. *Id.*, ¶21.

¶8    It is illegal in Wisconsin for a person to drive or operate a "motor vehicle" on a public roadway while he or she is intoxicated or has a prohibited alcohol concentration. WIS. STAT. § 346.63(1)(a), (1)(b); *see also* WIS. STAT. §§ 340.01(22); 346.01(1m); 346.02(1) (addressing the scope of WIS. STAT. ch. 346). Violations of § 346.63(1) are subject to an escalating penalty system depending upon the number of a person's lifetime convictions or other specified penalties that have been assessed against that person. *See* WIS. STAT. § 346.65(2)(am). Shoeder does not dispute the illegality of a person operating a motor vehicle while intoxicated. Rather, Shoeder argues he could not be prosecuted under § 346.63(1)(a) because he was not operating a "motor vehicle." Shoeder instead asserts he was operating an "all-terrain vehicle."

¶9    Only certain portions of WIS. STAT. ch. 346 apply to "all-terrain vehicles." *See* WIS. STAT. § 346.02(11). The prohibitions against OWI and PAC in WIS. STAT. § 346.63(1) are not among the provisions our legislature has chosen to apply to all-terrain vehicle operators. Sec. 346.02(11). Such conduct while operating an all-terrain vehicle is still illegal; it is prohibited by WIS. STAT. § 23.33(4)(c) and is punishable under a separate escalating penalty system, *see* § 23.33(13)(b). But if Shoeder is correct and his riding lawn mower qualifies as an all-terrain vehicle, he could not be prosecuted for OWI in violation of § 346.63(1)(a).

¶10    We begin with the statutory definitions relevant to this appeal.[4] First, WIS. STAT. § 346.63(1) uses the term "motor vehicle." A "motor vehicle" means any vehicle "which is self-propelled, except a vehicle operated exclusively on a rail." WIS. STAT. § 340.01(35). A "vehicle," in turn, is broadly defined to include "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except railroad trains." Sec. 340.01(74); *see also **State v. Smits***, 2001 WI App 45, ¶12, 241 Wis. 2d 374, 626 N.W.2d 42 ("An analysis of the statutes reveals that motor vehicle is a more restrictive term than vehicle."). An "all-terrain vehicle" does not qualify as either a "motor vehicle" or a "vehicle," except for those purposes made specifically applicable by statute. *See* § 340.01(35), (74).

¶11    Shoeder admits that his riding lawn mower qualifies as a "motor vehicle" under the relevant statutory definitions. His riding lawn motor is a

---

[4] The relevant definitions are found in WIS. STAT. § 340.01. They specifically apply to WIS. STAT. § 23.33 and to WIS. STAT. ch. 346.

"vehicle" because, as his own conduct in this case demonstrates, it is a device upon which a person may be transported on a highway. *See* WIS. STAT. § 340.01(74). The lawn mower is a "motor vehicle" under § 340.01(35) because it is undisputed the mower is self-propelled. According to a product description of Shoeder's lawn mower model that the State submitted to the circuit court, the mower has a two-cylinder gasoline-powered engine with a hydrostatic transmission.

¶12 Shoeder argues this case turns upon the statutory definition of an "all-terrain vehicle," which he contends more accurately describes his riding lawn mower. Under WIS. STAT. § 340.01(2g), an "all-terrain vehicle" is a "commercially designed and manufactured motor-driven device" with each of the following four attributes: (1) a weight, without fluids, of 900 pounds or less; (2) a width of 50 inches or less; (3) equipped with a seat designed to be straddled by the operator; and (4) travels on three or more low-pressure or nonpneumatic tires. *See also* WIS. STAT. § 23.33(1)(b) (making the § 340.01(2g) definition applicable to that statute).

¶13 The riding lawn mower specifications the State submitted clearly show Shoeder's model as having "step through" seating that "[e]nsures comfortable and easy mounting and dismounting." Shoeder acknowledges that his lawn mower does not satisfy the requirement of having a straddle seat found in WIS. STAT. § 340.01(2g). Instead, his argument appears to be that we should disregard or somehow modify the straddle seat requirement in recognition of current all-terrain vehicle manufacturing practices. Shoeder argues that because

certain manufacturers, like John Deere and Bombardier, now market all-terrain vehicle models with step through seating,[5] we should not view the type of seating as dispositive of whether a vehicle that otherwise satisfies the "all-terrain vehicle" definition qualifies as such a vehicle.

¶14     Elsewhere in his brief-in-chief,[6] Shoeder appears to make arguments regarding the purpose of the relevant statutory scheme vis-à-vis affected vehicles in encouraging us to dispense with the straddle seating requirement.  He observes that there are some similarities between an all-terrain vehicle and a riding lawn mower, and, therefore, he asserts we should not treat a singular facet of a vehicle's design as being dispositive.  Moreover, Shoeder argues the legislature never "would have envisioned a riding lawn mower, designed to be operated for the single purpose of cutting grass[,] to be considered a motor vehicle for the transportation of individuals on a public roadway."  To support this assertion, he notes that a riding lawn mower does not have a certificate of title and need not be registered, unlike a car or truck.[7]

¶15     Shoeder's arguments ultimately fail for a simple reason.  Our task as a court is not to rewrite or discard statutory language to keep pace with claimed

---

[5] The State disputes Shoeder's assertion that these new models do not use "straddle seating," at least based on the two pictures Shoeder submitted as representatives of such models.

[6] We note that Shoeder did not file a reply brief in this appeal.

[7] All-terrain vehicles must be registered, *see* WIS. STAT. § 23.33(2)(a), but they do not appear to be subject to the same titling requirements as motor vehicles, *compare* WIS. STAT. § 342.05(3) *with* § 23.33(2), and the operator generally must hold a safety certificate in lieu of a license, *see* § 23.33(5)(b).  Shoeder's contention that his riding lawn mower need not be registered (as it relates to his statutory purpose argument) is therefore somewhat at odds with his assertion that his lawn mower qualifies as an all-terrain vehicle.

commercial developments. Even when we are specifically mandated to give a statute a liberal construction (which is not the case here), we "cannot change the wording of a statute … to mean something that the legislature did not intend, or that the plain language of the statute will not support." *Progressive N. Ins. Co. v. Romanshek*, 2005 WI 67, ¶64, 281 Wis. 2d 300, 697 N.W.2d 417 (quoting *Hayne v. Progressive N. Ins. Co.*, 115 Wis. 2d 68, 85 n.11, 339 N.W.2d 588 (1983)). "The role of a court in Wisconsin is to determine the meaning of a statute as it is written." *State v. Chagnon*, 2015 WI App 66, ¶11, 364 Wis. 2d 719, 870 N.W.2d 27.

¶16 Regardless of whether commercial manufacturers have changed their designs and now market all-terrain vehicles with step through seating, we must defer to our legislature's choice to define an "all-terrain vehicle" as having straddle seating, among other attributes. There is no inherent absurdity or unreasonableness in it having done so. We must give effect to the language of the statute, and if the meaning of that language is plain (as it is here), our inquiry ordinarily ends. *See League of Women Voters of Wis. v. Evers*, 2019 WI 75, ¶19, 387 Wis. 2d 511, 929 N.W.2d 209. And when a statute contains a number of requirements that must be satisfied, those requirements must be given effect. *See County of Dane v. LIRC*, 2009 WI 9, ¶35, 315 Wis. 2d 293, 759 N.W.2d 571. Simply ignoring one of the requirements would render that language mere surplusage, which is a construction we generally avoid in the exercise of our interpretive function. *Id.*

¶17 We also reject Shoeder's various entreaties to what, in his view, is the statute's purpose. Ultimately, there is no support for Shoeder's assertion that the legislature could not (and would not) have envisioned a riding lawn mower as falling within the definition of a "motor vehicle." To the contrary, that our

legislature defined that term broadly suggests it *did* intend to bring a wide variety of vehicles within the purview of WIS. STAT. § 346.63(1), regardless of their "traditional" functions or usage. While Shoeder is correct that his riding lawn mower need not be titled or registered and was designed for cutting grass and not for highway use, he does not dispute that the mower satisfied the statutory definition of a "motor vehicle," was capable of road travel, and was actually used in this instance to traverse a roadway. And when Shoeder used the riding mower in the capacity he did—i.e., to travel from a tavern on a public roadway—and while he was intoxicated, it seems far from absurd to conclude the legislature would want such a dangerous use prohibited.

¶18     The definition of an "all-terrain vehicle," in contrast, is quite narrow. Shoeder's riding lawn mower undisputedly does not satisfy that definition, even if it does bear some similarities to what the legislature considers to be an "all-terrain vehicle." Contrary to what Shoeder argues, there is no absurdity in treating his riding lawn mower as a "motor vehicle" where, by his own concession, it does not meet the definition of an "all-terrain vehicle."[8]

¶19     Shoeder also relies on the unpublished, authored decision in *State v. Hill*, No. 2013AP2549, unpublished slip op. (WI App May 7, 2014).[9] Hill was

---

[8] Shoeder's argument is, essentially, that a riding lawn mower and an all-terrain vehicle are so similar that they should be treated in the same fashion for purposes of the OWI/PAC laws. This is an argument that, if anything, is best directed to our legislature. It is not this court's function to usurp the role of the legislature. *See Wagner Mobil, Inc. v. City of Madison*, 190 Wis. 2d 585, 594, 527 N.W.2d 301 (1995).

[9] Unpublished cases authored by a member of a three-judge panel or by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).

arrested while operating a utility terrain vehicle and charged with OWI in violation of WIS. STAT. § 346.63(1). *Id.*, ¶2. He argued that he could not be so charged, and the State countered that because Hill's vehicle used steering levers instead of a "steering wheel," his vehicle did not satisfy the statutory definition of a utility terrain vehicle. *Id.*, ¶¶3, 6. This court rejected the State's argument, concluding that "[b]y registering Hill's vehicle as a UTV, the State placed Hill on notice that he was bound to the laws applicable to UTVs." *Id.*, ¶9. The court concluded that under these circumstances, the type of steering mechanism should not be considered dispositive of whether Hill's vehicle qualified as a utility terrain vehicle.

¶20     Assuming *Hill* was correctly decided, its reasoning is not applicable to Shoeder's case. All-terrain vehicles and utility terrain vehicles are subject to the same registration requirement. *See* WIS. STAT. § 23.33(2)(a). There is no evidence Shoeder registered (or even attempted to register) his riding lawn mower as an all-terrain vehicle. As a result, Shoeder was never put on notice by the State that his riding lawn mower would be treated as an all-terrain vehicle, and there is no injustice in declining to apply the laws applicable to such vehicles to him.

¶21     In statutory interpretation, we "assume that the legislature's intent is expressed in the statutory language …. It is the enacted law, not the unenacted intent, that is binding on the public." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Shoeder's riding lawn mower is not an "all-terrain vehicle" under WIS. STAT. § 340.01(2g). It is, however, a "motor vehicle" under § 340.01(35), and he therefore was validly prosecuted for OWI in violation of WIS. STAT. § 346.63(1)(a) under the facts of this case. The circuit court thus properly denied Shoeder's motion to dismiss the criminal complaint.

10

*By the Court.*—Judgment affirmed.